221 F.2d 228
 Grace LOWE, Executrix of the Estate of Evelyn Mahan and Grace Lowe, individually, as sole heir of Evelyn Mahan, deceased, Appellant,
v.
James McDONALD, Charles Creavey and James H. Pierce, Appellees.
 No. 14153.
 United States Court of Appeals Ninth Circuit.
 April 11, 1955.
 
 1
 Grace Lowe, in pro. per.
 
 
 2
 Warren A. Taylor, Fairbanks, Alaska, for appellee.
 
 
 3
 Before ORR and FEE, Circuit Judges, and DRIVER, District Judge.
 
 
 4
 DRIVER, District Judge.
 
 
 5
 In March, 1947, Evelyn Mahan executed a lease, covering certain mining claims in the Fairbanks, Alaska area, to James McDonald. In association with Charles Creavey and James H. Pierce, he mined the claims under the lease until August, 1948, when the operation was discontinued. Mrs. Mahan died in February, 1950, leaving a will which named Grace Lowe as executrix and sole legatee. In February, 1953, Grace Lowe, as executrix and "sole heir" of the estate of Evelyn Mahan, commenced the present action in the District Court against McDonald and his associates. Five causes of action were alleged in the complaint. A trial before the court without a jury resulted in judgment for the defendants and the present appeal followed.
 
 
 6
 The fifth cause of action has been expressly abandoned and need not be considered further. The third and fourth causes of action, which present the question whether the trial court erred in taking judicial notice of a prior action between the same parties in the same court will be discussed later on in this opinion. The first cause of action was for unpaid royalty under the lease from Mrs. Mahan to McDonald. The lease required the lessee to pay a minimum of $1,500 each year, and it was alleged that in the year 1948, when the mining operation was abandoned, substantially less than that amount was paid. The second cause of action was for the reasonable value and reasonable rental of certain mining equipment of Mrs. Mahan which it was alleged was used by appellees and was "moved around" by them so that it was "gone from the ground."
 
 
 7
 Appellant, who has not been represented by counsel either in the trial or on this appeal, has not set out in her brief any specification of errors whatsoever, nor has she therein stated the particulars in which the findings of fact and conclusions of law are claimed to be erroneous.[1]
 
 
 8
 Despite appellant's failure to comply with the rules of this court as above indicated, we have examined the trial court's findings on causes of action one and two in the light of the record evidence. On the first cause of action the court found that at the time of the cancellation of the lease and discontinuance of mining operations thereunder, the lessor, Mrs. Mahan accepted approximately 36 ounces of gold as payment in full of all royalties due her. On the second cause of action the court found that appellees paid the lessor "for all rentals and use" of her mining equipment and received a receipt in full for the same, and that none of such equipment was moved from the ground. The findings are amply supported by undisputed evidence and should not be disturbed on appeal even if properly questioned.[2] Indeed, there was a complete failure of proof as to the first and second causes of action. Appellant testified as a witness in her own behalf, but she did not have personal knowledge of the facts required to support her claims. The only other witnesses whom she called were appellees McDonald and Pierce, and for the most part the record is taken up with her unsuccessful efforts to elicit supporting evidence from them.
 
 
 9
 In the third cause of action of her complaint, appellant sought recovery of the reasonable value of a Fairbanks drill, and in the fourth cause of action she asked for the reasonable rental of the same drill from November, 1948. The trial court sustained objections to the introduction of evidence in support of the causes of action and in its formal findings recited that "all matters set forth" therein had been fully adjudicated by the court on or about April 1, 1952, in its Cause No. 6714. (The District Court number of the present case is 7406.) The appellant contends that the Court erred in taking judicial notice of the record in the prior case without its introduction in evidence in the case on trial.
 
 
 10
 As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence.[3] The rule is not, however, a hard and fast one. The extent to which it will be applied depends in large measure upon considerations of expediency and justice in the circumstances of the particular case.[4]
 
 
 11
 Among the recognized exceptions are instances in which the prior case is brought into the pleadings in the case on trial[5] or where the two cases represent related litigation.[6]
 
 
 12
 In the instant case appellant mentioned the prior case in her complaint. In the third cause of action she alleged that "by virtue of a judgment entered in cause No. 6714, Fairbanks, Alaska, on or about the first day of April, 1952, the Plaintiff, Grace Lowe, individually was awarded a one-half interest in said equipment." (The Fairbanks drill in controversy.) The allegation was admitted in the answer. During the trial appellant many times discussed case No. 6714, and at one point in addressing the court, referred to the "transcript" in that action in such a manner as to indicate that she then had the transcript before her. She produced an exhibit in No. 6714, a copy of the Mahan-McDonald mining lease, offered it in evidence in the case on trial, and tried to persuade opposing counsel to renew a stipulation which he had made concerning the exhibit in the former trial. When the court sustained objections to her proffered evidence in support of causes of action three and four on the ground that the issues had been adjudicated in the prior case, she did not question or dispute the court's assumptions or statements as to the nature or effect of the prior proceedings. On the contrary, she moved the court "to reform that adjudication on the grounds of newly found evidence of title."[7]
 
 
 13
 We think that the present case comes within the exceptions to the general rule, and that, in the circumstances just related, the trial court properly took judicial notice that the rights of the parties in the Fairbanks drill had been fully adjudicated in the prior action.
 
 
 14
 Judgment affirmed.
 
 
 
 Notes:
 
 
 [1]
 Rules of the United States Court of Appeals for the Ninth Circuit, effective May 27, 1953, provide: Rule 18, paragraph 2, "This brief [of appellant] shall contain, in order here stated — * * * (d) In all cases a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. * * * In all cases, when findings are specified as error, the specification shall state as particularly as may be wherein the findings of fact and conclusions of law are alleged to be erroneous."
 
 
 [2]
 Fed.Rules Civ.Proc. rule 52(a), 28 U.S. C.A
 
 
 [3]
 National Surety Co. v. United States, 9 Cir., 29 F.2d 92, 97; Paridy v. Caterpillar Tractor Co., 7 Cir., 48 F.2d 166, 168; Divide Creek Irr. Dist. v. Hollingsworth, 10 Cir., 72 F.2d 859, 862, 863, 96 A.L.R. 937; Funk v. Commissioner of Internal Revenue, 3 Cir., 163 F.2d 796, 800-801; 20 Am.Jur. 105, Evidence, § 87
 
 
 [4]
 Morse v. Lewis, 4 Cir., 54 F.2d 1027, 1029; Ellis v. Cates, 4 Cir., 178 F.2d 791, 793; 31 C.J.S., Evidence, § 50, pages 623, 624; IX Wigmore on Evidence (3rd Ed.), 570
 
 
 [5]
 Suren v. Oceanic S.S. Co., 9 Cir., 85 F.2d 324, 325
 
 
 [6]
 Freshmen v. Atkins, 269 U.S. 121, 124, 46 S.Ct. 41, 70 L.Ed. 193; Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 88 F.2d 407, 411; Fletcher v. Bryan, 4 Cir., 175 F.2d 716, 717
 
 
 [7]
 The court responded, "It is too late to do that." After judgment for defendants had been entered in the present case, plaintiff, on November 9, 1953, moved in case No. 6714 for modification of the judgment entered therein on April 1, 1952. The court denied the motion on November 19, 1953