**Matter of Solomon SCHRIAR, Seymour Schriar, and Arthur Schriar, individually and as co-partners doing business as Chicago Motive Parts Company, a co-partnership, Bankrupts.**

**No. 59 B 3656.**

United States District Court
N. D. Illinois, E. D.
Dec. 16, 1959.

Ralph G. Scheu, Chicago, Ill., for receiver.

William M. Brandt, Chicago, Ill., for debtor.

MINER, District Judge.

On August 4, 1959, the Trustee in Bankruptcy petitioned the Referee for an order directing Solomon Schriar to turn over forthwith three life insurance policies. The named beneficiaries under these policies are, according to that sworn petition, the two sons and a daughter of Solomon Schriar, none of whom are dependent upon him.

On August 24, 1959, the said bankrupt answered the petition claiming that the insurance policies described therein are exempt under Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24, and Chapter 73, Section 850 of the Illinois Revised Statutes. He there claimed that in order for an exemption to apply concerning those policies, it is not necessary that the children named beneficiaries be dependent on the insured-bankrupt. Both parties have filed briefs on the issue. No cases construing the pertinent part of the Illinois statute have been cited by either party, and both assert that none exist.

On October 29, 1959, the Referee ruled that:

"the exemption provided in Section 850, Chapter 73 of the Illinois Revised Statutes of Illinois, requires that children of the insured be dependent upon such insured for said exemption to become effective."

and that:

"As a matter of law the exemption provided in Section 850, Chapter 73 of the Revised Statutes of Illinois, requires that children of the insured be dependent upon such insured * * *."

The Referee held that the Trustee is entitled to the possession of the insurance policies "in order that the cash surrender value thereof may be obtained for the benefit of the creditors herein." The bankrupt, Solomon Schriar, was ordered to turn the said insurance policies over to the Trustee forthwith.

On November 12 and November 18, 1959, the bankrupt and the Trustee, respectively, filed additional memoranda analyzing certain Illinois cases concerning exemptions of life insurance policies payable to children and spouses. These cases, however, were decided between 1881 and 1934, and even if they were to state a rule contrary to that of the instant statute, that rule would be no longer valid in view of the fact that the instant statute was enacted in 1937.

The statute itself is unambiguous and has the effect of granting an exemption to proceeds of life insurance policies only when the beneficiaries are (1) a wife or husband of the insured, or (2) a child, parent or other person dependent upon the insured. The statute reads as follows:

"All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not, and whether the insured or his estate is a contingent beneficiary or not, shall be exempt from execution, attachment, garnishment or other process, for the debts or liabilities of the insured incurred subsequent to the effective date of this Code, except as to premiums paid in fraud of creditors within the period limited by law for the recovery thereof."

The issue posed by Referee Streeter in his certificate to this Court is:

"Under Section 850 of Chapter 73 of the Illinois Revised Statutes on insurance, is a Trustee in bankruptcy of an insured bankrupt entitled to the cash surrender value of the bankrupt's life insurance, where the beneficiaries of the insurance policies are adult children who are not dependent upon the bankrupt for support?"

It is the opinion of this Court that the said certified question must be answered in the affirmative. The statute is susceptible of only one construction. The Court is unable to read it to mean anything other than that insurance policies payable to children are exempt from the claims of creditors only when the children are dependent upon the insured-debtor. The order of the Referee must be sustained in full. The Petition for Review is denied.