Abi KALIMIAN, Elias Kalimian and Morad Kalimian, doing business as Kalimko Buying Service, Plaintiffs-Appellants,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, Defendant-Appellee and Cross-Appellant.

No. 230, Docket 27229.

United States Court of Appeals Second Circuit.

Argued Feb. 15, 1962.

Decided March 16, 1962.

**548**

Robert F. Doran, New York City (Bailey & Muller, New York City, on the brief), for plaintiffs-appellants.

William J. Fleming, New York City, for defendant-appellee and cross-appellant.

Before WATERMAN, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

This is an appeal by plaintiffs and cross-appeal by defendant from a judgment in an action on a marine open cargo policy, dismissing the complaint after trial in the District Court for the Southern District of New York before Judge MacMahon without a jury. We find error in part and reverse and remand for consolidation with pending action and determination of issues including mootness.

Appellants, father and two sons, doing business as "Kalimko Buying Service" sued to recover $118,000 from appellee insurance company on a policy of cargo insurance for damages sustained as a result of pilferage and damage in transit. The insurance company admitted the existence of a policy of insurance covering the alleged loss; but denied the amount of the loss claimed and alleged as a separate defense lack of an insurable interest in the plaintiffs. The same father and one son, together with a third son, are copartners in Romoco Trading Co. Ltd. in Teheran, Iran, which partnership was the consignee of nine of the ten shipments concerned in this claim, Colgate-Palmolive products. The tenth, zipper parts, was consigned to Mica Zipper Manufacturing, also owned by members of the same family.

The merchandise which was shipped CIF Teheran via Kohrramshahr was invoiced out at Kalimko's cost plus the total amount of insurance, ocean freight and appellants' profit which ranged between ten and fifteen percent. Each shipment was separately insured under certificates pursuant to a master open policy and non-negotiable copies of the certificates were forwarded along with bills of lading to a bank in New York. Sight drafts were drawn on the Iranian consignees by appellants and forwarded by the New York bank, with the documents, to its Teheran correspondent for acceptance. Upon arrival of the shipments the Iranian purchaser accepted the documents and paid the drafts at a later, convenient date; in effect converting the sight drafts to time drafts.

The trial court concluded that appellants were sellers, not purchasing agents, that all risk of loss passed to the buyers upon delivery to the carrier, and that therefore plaintiffs had only "bare legal title" incapable of supporting an insurable interest under the New York Insurance Law, § 148 (McKinney's Consol. Law, c. 28, 1949). Relying upon the fact that the plaintiffs received full payment for the goods sometime after delivery and acceptance, Judge MacMahon distinguished Industrial Waxes, Inc. v. Brown, 160 F.Supp. 230 (S.D.N.Y.1957) reversed on other grounds, 258 F.2d 800 (2 Cir., 1958), cert. denied 358 U.S. 931, 79 S.Ct. 319, 3 L.Ed.2d 304 (1959), having concluded that the fact of appellants' subsequent credit to the purchasers of the amounts of the losses claimed would not empower appellants to retake possession and dispose of the goods, and therefore could have no effect with respect to an insurable interest in plaintiffs. He found that the policies had been countersigned by Kalimko and forwarded to Romoco prior to the loss. He found additionally that the policy itself had been transferred to Romoco. This, however, is without support in the record. While the countersignature was necessary by its terms to make the policy transferable, there is no indication that the transfer was accomplished by endorsement or otherwise at that time. Defendant concedes that at the time of trial the certificates of insur-

ance were not endorsed. We cannot tell to what extent the finding of lack of insurable interest in Kalimko was based on the clearly erroneous subordinate finding that the policies had been transferred to Romoco when the documents were forwarded by Kalimko, and not reassigned.

Subsequent to the opinion below, which stated that Romoco not Kalimko had an insurable interest and that the "losses claimed were established," appellants endorsed the ten certificates of insurance upon which this suit is founded to the buyers, assumedly for the purpose of collection. While this appeal was pending suit was instituted against the same defendant by said buyers, 61 Civ. 2531, and a motion for summary judgment made by plaintiffs therein which was thereafter denied by Judge MacMahon on the basis of "untried issues of fact."

Appellees argue that the appeal before us involves a moot question by virtue of the endorsement by appellants after judgment in the case at bar of the certificates of insurance as follows:

"Kalimko Buying Service
by ELIAS KALIMIAN
Elias Kalimian"

Appellants do not dispute the fact of endorsement but contend that we cannot take the endorsements under consideration since they are outside the record in the case on appeal.

Appellants' contention that we are powerless to consider events subsequent to the decision is not well taken. If such were the rule no case would ever be dismissed as moot due to occurrences pending appeal. We are therefore faced with a situation where we have a defendant's judgment based on a finding of no insurable interest, in turn based in part at least on a clearly erroneous finding that the policies had been endorsed to the buyers prior to the loss, and later endorsements after judgment, on which the buyers have founded an action in the same district court on the same policies. Loss in some amount was incurred while the policies were in effect in Kalimko's name, prior to delivery and acceptance of the drafts by Romoco, during a period when Kalimko still had a right of stoppage *in transitu*. This would appear to be sufficient to satisfy the requirement of sec. 148 of a substantial interest in the goods. To be sure, recovery from the insurer should be for the account of the beneficial owner of the rights under the policy at the time of recovery. Determination of the two actions together should avoid the possibility of a miscarriage of justice by inconsistent findings in separate trials.

In view of the present posture of the case we do not decide (1) whether appellants had an insurable interest either in their own right, or as agents, (2) or appellee's cross appeal with respect to the finding of the district court that the losses claimed were established. These issues remain open for determination on remand.

Although this court is free to consider facts which have been admitted in argument and in the briefs on appeal, Cover v. Schwartz, 133 F.2d 541 (2 Cir., 1943), cert. denied 319 U.S. 748, 63 S.Ct. 1158, 87 L.Ed. 1703, in the case at bar we are unable to determine the precise effect of the endorsements since we are unable to ascertain the intention of the parties to the assignments; if indeed the blank endorsements are assignments.

We take judicial notice of the presently pending action in the district court [1] between the assignee buyers and the same defendant, if indeed such notice is necessary in view of the admissions

---

1. While the courts often decline to take judicial notice of other actions, they commonly take notice of the records of judicial proceedings of separate but related actions. See Freshman v. Atkins, 269 U.S. 121, 124, 46 S.Ct. 41, 70 L.Ed. 193 (1925); Zahn v. Transamerica Corp., 162 F.2d 36, 48 n. 20 (3 Cir. 1947); Lowe v. McDonald, 221 F.2d 228, 230, 15 Alaska 510 (9 Cir. 1955) (and cases cited therein n. 6); 9 Wigmore on Evidence § 2579 (3rd Ed. 1940); 31 C.J.S. Evidence § 50.

of the parties before this court. In view of the questions presented the two actions should be consolidated since if the present appellants have divested themselves of all interest, and are therefore not proper parties, the purchasers can prosecute the suit not only on the basis of whatever rights they possessed at the time of the loss but the rights of appellants which were transferred by the endorsements. We therefore vacate the judgment below and remand for consolidation with the companion action and the determination by the district court of the issues in both actions, including the effect of the endorsements and whether as a consequence thereof the instant case is now moot.