**UNITED STATES of America,**
Appellee,

v.

**Charles Edward LAWRENSON,**
Appellant.

**No. 8846.**

United States Court of Appeals
Fourth Circuit.

Argued March 27, 1963.

Decided March 29, 1963.

Certiorari Denied May 27, 1963.

See 83 S.Ct. 1542.

Morgan L. Amaimo, Baltimore, Md. (Court-assigned counsel), for appellant; Charles Edward Lawrenson, appellant, pro se.

Robert W. Kernan, Asst. U. S. Atty. (Joseph D. Tydings, U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BRYAN and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

Charles Edward Lawrenson, convicted on four counts of bank robbery, appeals from the denial by the District Court of several post conviction motions. The factual background of this case may be found in our opinion on a prior appeal from the conviction and the denial of several post conviction motions, at 298

F.2d 880 (4th Cir.), cert. denied, 370 U.S. 947, 82 S.Ct. 1594, 8 L.Ed.2d 812 (1962).

■ A motion for a new trial is again presented based upon a new, unsworn statement of one Robert Cutler, indicating that Lawrenson had no part in the crime. As happened before, when Cutler was placed on the stand he refused to answer questions on the ground that the answers might tend to incriminate him. From the circumstances surrounding the obtaining of Cutler's statement, and from all of the episodes connected therewith, it appears that there is more than sufficient evidence to support the conclusion of the District Judge that the statement was a sham. Detailed discussion of the circumstances is set forth in the District Judge's opinion. 210 F.Supp. 422 (D.Md.1962). This is a sufficient justification for the court's denial of the motion. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946); United States v. Gantt, 298 F.2d 21 (4th Cir. 1962); Jones v. United States, 279 F.2d 433 (4th Cir.), cert. denied, 364 U.S. 893, 81 S.Ct. 226, 5 L.Ed.2d 190 (1960).

■ Lawrenson's claim that Cutler, having given a statement, has waived his fifth amendment privilege, and so should be forced to testify, is without merit. United States v. Goodman, 289 F.2d 256 (4th Cir.), vacated (and request to require testimony withdrawn), 368 U.S. 14, 82 S.Ct. 127, 7 L.Ed.2d 75 (1961); United States v. Miranti, 253 F.2d 135 (2nd Cir. 1958); In re Neff, 206 F.2d 149, 36 A.L.R.2d 1398 (3rd Cir. 1953); 8 Wigmore, sec. 2276.

■ Lawrenson claims that the indictment was invalid since he believes it was obtained through the introduction of illegally obtained evidence. The Grand Jury proceedings not having been disclosed, the actual nature of the evidence presented is unknown to us. However, the validity of the indictment is not properly subject to collateral attack in the instant case. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed. 2d 321 (1958); Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910). Nothing in Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), requires or suggests a contrary rule of law.

■ There is no basis for finding that the District Court erred when it refused to order disclosure of the transcript of the Grand Jury proceedings. With more than sufficient legally obtained evidence available to permit return of a true bill, there is no convincing proof that illegally obtained evidence was used (assuming the relevancy of the admission of such evidence to the instant proceeding). Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); see Fed. R.Crim.P. 6(e).

■ Lawrenson's claim of incompetency to stand trial is not even supported by his own psychiatrist's report. The District Court's finding of competency seems eminently correct. Other issues raised by Lawrenson have either been decided on the previous appeal or are patently without merit.

We think it proper to add that this appellant has received utmost consideration in the District Court and here. A series of lawyers have been supplied him in both courts. When he repudiated the lawyers first appointed to assist him, new counsel was designated. This court arranged to pay the expenses of counsel's visit to Cutler in Ohio in an effort to support Lawrenson's claims. No support for these claims was found.

In the present appeal we appointed the same lawyer who had served him in the post conviction hearing and with whose services he had expressed high satisfaction in a letter to the District Judge. When this lawyer prepared a careful brief but declined to make an intemperate personal attack on the trial judge, Lawrenson sought to have the lawyer's brief stricken and asked leave to file his own and to appear personally and argue the appeal. Lawrenson's brief was received.

At the hearing of the present appeal the court-appointed lawyer argued, with the consent of Lawrenson, and Lawrenson himself was permitted to make an additional argument.

In the three and a half years since the imposition of sentence Lawrenson has persistently engaged in litigations in this circuit and in the District of Columbia, and has successfully frustrated the efforts of the Bureau of Prisons to move him from the District of Columbia Jail to a federal penitentiary.

Finding no merit in any of the appellant's contentions, the order of the District Court is

Affirmed.