**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee,**

v.

**Charles E. LAWRENSON, Appellant.**

**No. 9360.**

United States Court of Appeals
Fourth Circuit.

Argued May 1, 1964.

Decided June 23, 1964.

Certiorari Denied Oct. 12, 1964.
See 85 S.Ct. 141.

See also 4 Cir., 298 F.2d 890.

Charles E. Lawrenson, pro se.

William O. Doub and J. Joel Woodey, Baltimore, Md., on brief for appellee.

Before SOBELOFF, Chief Judge, and BRYAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

Appellant, Charles E. Lawrenson, appeals from the district court's opinion and order overruling his motion filed under rule 60(b) (2) and (6), Fed.R.Civ. P., for relief from judgment. He also appeals from the district court's denial of his request for a hearing on the motion. Lawrenson seeks reversal on three grounds: (1) that the district court abused its discretion in overruling the motion and denying a hearing, (2) that the district court erred in referring to a companion criminal case for facts relating to the merits of the motion, and (3) that the district court erred in granting a motion by appellee, United States Fidelity and Guaranty Company [hereinafter Guaranty Company] before it ruled on his pending 60(b) motion. We find no merit in any of these contentions and affirm the order of the district court.

This appeal is the latest legal maneuver in a series of legal skirmishes between Lawrenson on the one hand, and the Guaranty Company and the United States Government on the other.[1] These skirmishes had their origin on September 4, 1959, when the County Trust Company of Maryland was robbed of $28,037. Lawrenson, along with one Robert Couch, was indicted and convicted of the bank robbery in the United States District Court for the District of Maryland. Some $22,502 was found in Lawrenson's possession at the time of his arrest and was retained by the Federal Bureau of Investigation pending the outcome of the criminal trial. After Lawrenson's conviction, the Guaranty Company brought a civil action in the United States District Court for the District of Maryland to recover the $28,037 that Lawrenson had allegedly stolen. The Guaranty Company, in its complaint, alleged that it had issued a blanket banker's bond to the County Trust Company; that as surety, upon proof of loss it had paid the loss; and that it thereby had become legally subrogated to the rights of the bank against Lawrenson. The case was tried with the intervention of a jury which returned a verdict against Lawrenson and the court entered a judgment for the full amount sought in Guaranty Company's complaint. Lawrenson's motion for a new trial was overruled. He then filed a motion for relief from judgment.[2] Prior to the district court's acting on Lawrenson's second motion, the Guaranty Company filed a motion to recover the $22,502 being held by the Fed-

1. See Lawrenson v. Anderson, 370 U.S. 932, 82 S.Ct. 1621, 8 L.Ed.2d 832 (1962); Lawrenson v. Reid, 370 U.S. 962, 82 S. Ct. 1620, 8 L.Ed.2d 829 (1962); United States v. Lawrenson, 298 F.2d 880 (4 Cir.), cert. denied, 370 U.S. 947, 82 S.Ct. 1594, 8 L.Ed.2d 812 (1962); United States Fidelity and Guaranty Co. v. Lawrenson, 298 F.2d 890 (4 Cir.), cert. denied, 370 U.S. 913, 82 S.Ct. 1260, 8 L.Ed.2d 406 (1962); United States v. Lawrenson, 210 F.Supp. 422 (D.Md. 1962), aff'd, 315 F.2d 612 (4 Cir.), cert. denied, 373 U.S. 938, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963).

2. Lawrenson's motion for a new trial under rule 59(a) (1), Fed.R.Civ.P., was considered and overruled by Judge Chesnut, who presided at the civil trial between Lawrenson and Guaranty Company. Lawrenson's subsequent 60(b) motion was considered and overruled by Judge Northrop. The standard governing relief from judgment on the basis of newly discovered evidence under 60(b) (2) is the same as that governing a new trial under 59(a) (1). Compare 3 BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE, § 1305 (Wright ed. 1958) with § 1328.

eral Bureau of Investigation. The district court granted this motion and entered a turnover order, directing the Federal Bureau of Investigation to release the money to Guaranty Company. The district court thereafter overruled Lawrenson's motion for relief from judgment.

■ The basis of Lawrenson's 60(b) motion was twofold: that he had acquired newly discovered evidence within contemplation of subsection (b) (2), and that under subsection (b) (6) the failure of the trial judge to disqualify himself entitled Lawrenson to the requested relief. In support of the first ground, Lawrenson submitted two statements to the district court: one by Robert Lee Cutler and the other by Russell W. Carpenter. Cutler claimed that he and not Lawrenson had participated with Robert Couch in the robbery. Carpenter stated that Couch told him that Lawrenson was not Couch's accomplice in the robbery, but that another man was. The district court, supported by the record, found that Cutler's statement was not newly discovered as required by subsection (b) (2) since in substance it previously had been presented by Lawrenson in seeking a new trial, first after his criminal conviction and second after an adverse judgment in the civil action. In both instances, the judge to whom it was presented rejected the evidence as incredible and untrue. We must agree with the district court's conclusion that Cutler's statement "cannot be said [to be] newly discovered at this point, [nor can it be said] that [Lawrenson] has not had ample opportunity to present it."

■ As to Carpenter's statement, which concededly had not previously been presented, the district court found that it was merely cumulative and offered for the purpose of impeaching the testimony of Couch, elicited in the civil action, that Lawrenson had participated with him in the robbery. Carpenter's contrary statement was in substance the same as that of two other witnesses offered by Lawrenson to contradict Couch. We find no abuse in the district court's overruling

Lawrenson's motion in these circumstances. See Taylor v. Reo Motors, Inc., 275 F.2d 699 (10 Cir. 1960); Johnson v. United States, 270 F.2d 488 (9 Cir. 1959), cert. denied, 362 U.S. 924, 80 S.Ct. 677, 4 L.Ed.2d 742 (1960). See also Jones v. United States, 279 F.2d 433 (4 Cir.), cert. denied, Princeler v. United States, 364 U.S. 893, 81 S.Ct. 226, 5 L.Ed.2d 190 (1960). See generally 3 BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE, §§ 1305, 1328 (Wright ed. 1958).

■ Lawrenson also seeks relief from judgment under rule 60(b) (6) because the trial judge had failed to disqualify himself from presiding at the civil trial. Lawrenson, after the adverse judgment, had written to the judge to inquire of his stock ownership in Guaranty Company. In reply, the judge informed Lawrenson that he had owned such stock, but had disposed of it twenty-five years prior to the trial. We find no impropriety in the judge's failure to disqualify himself and, moreover, such decisions are generally entrusted to the conscience of the individual judge. 28 U.S.C .§ 455; Weiss v. Hunna, 312 F.2d 711 (2 Cir.), cert. denied, 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963).

Lawrenson next contends that the district court erred in refusing to permit a hearing on his motion for a new trial. Lawrenson views rule 7 of the Rules of the United States District Court for the District of Maryland as requiring a hearing on any motion before the court at the request of either party. Rule 7 states in pertinent part:

"All motions, objections and exceptions shall be decided on the memoranda filed with the Clerk unless otherwise ordered by the Court, *or unless either side shall in writing request a hearing.*" (Emphasis added.)

■■ The district court interpreted the rule to mean that while motions "will automatically be decided on the memoranda filed unless the court or either side requests a hearing, it is still within the discretion of the court to grant or re-

fuse a request for a hearing." A court is, of course, the best judge of its own rules. See Kovrak v. Ginsburg, 179 F. Supp. 156 (E.D.Pa.1959). But even more importantly, rule 78 of the Federal Rules of Civil Procedure, the source of authority for rule 7 of the district court, makes it clear that hearings on motions are to be in the discretion of the district courts. Rule 78 provides:

"Unless local conditions make it impracticable, each district court shall establish regular times and places, at intervals sufficiently frequent for the prompt dispatch of business, at which motions requiring notice and hearing may be heard and disposed of; but the judge at any time or place and on such notice, if any, as he considers reasonable may make orders for the advancement, conduct, and hearing of actions.

*"To expedite its business, the the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."* (Emphasis added.)

The wisdom of leaving a hearing to the discretion of the district court is obvious. As stated in the district court's opinion:

"The court cannot grant a hearing in every motion filed, since those of a frivolous nature would impede the progress of those which are meritorious. Where the motion is, as it is here, clearly without substance and only another attempt to burden the court with frivolous contentions, a hearing is unnecessary and the motion should be denied."

See Steckler, *Motions Prior to Trial,* Seminar in Procedures for Effective Judicial Administration, 29 FRD 191, 301–06 (1961). Moreover, it has been held that a hearing on motions filed in a district court is not required by considerations of due process. Sarelas v. Porikos, 320 F.2d 827 (7 Cir. 1963); Skolnick

v. Martin, 317 F.2d 855 (7 Cir. 1963). Cf. FCC v. WJR, The Goodwill Station, Inc., 337 U.S. 265, 69 S.Ct. 1097, 93 L. Ed. 1353 (1949).

■ Lawrenson also contends that the district court erred in referring to facts outside the record in refusing his request for a hearing; specifically in utilizing the files in the companion criminal case of United States v. Lawrenson, 210 F.Supp. 422 (D.Md.1962), aff'd, 315 F.2d 612 (4 Cir.), cert. denied, 373 U.S. 938, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963). But as stated in Lowe v. McDonald, 221 F.2d 228, 230–31, 15 Alaska 510 (9 Cir. 1955):

"As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence. The rule is not, however, a hard and fast one. The extent to which it will be applied depends in large measure upon considerations of expediency and justice in the circumstances of the particular case.

"Among the recognized exceptions are instances in which the prior case is brought into the pleadings in the case on trial or *where the two cases represent related litigation."* (Emphasis added.)

The instant case is well within the second recognized exception, for not only do we have here related litigation, but many of the same facts crucial in the criminal case were equally crucial in Lawrenson's motion for relief from judgment. See Fletcher v. Bryan, 175 F.2d 716 (4 Cir. 1949); Morse v. Lewis, 54 F.2d 1027 (4 Cir. 1932).

■ Finally we consider Lawrenson's contention that the district court committed error in ruling on Guaranty Company's motion for judgment absolute and condemnation and entering a turnover order prior to ruling on Lawrenson's 60 (b) motion. The short answer to that contention is that the disposition of Lawrenson's motion was in no way af-

fected by the granting of Guaranty Company's later filed motion. If Lawrenson's motion ultimately had been granted and had he prevailed thereafter in his efforts to recover the $22,502, then Guaranty Company could have been required to pay over that amount *instanter*.

For the above reasons, the judgment is

Affirmed.