809 F.2d 785
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stanley A. RADVAN-ZIEMNOWICZ, M.D., Plaintiff-Appellant,
v.
COMMISSION ON MEDICAL DISCIPLINE DEPARTMENT OF HEALTH AND
MENTAL HYGIENE STATE OF MARYLAND; Janina D. Ziemnowicz,
John E. Adams, M.D., Jerome J. Coller, M.D., Joseph I.
Berman; Anna Kaliszczak, Ursula A. Stevens; Israel H.
Weiner, M.D., Constance H. Baker, Esq., Jack C. Tranter,
Saul M. Schwartzbach; Ronald S. Gass; Varda N. Fink, Esq.,
Albert M. Antlitz, M.D., John H. Ball, M.D., Eli M. Lipman,
M.D., Karl F. Mech, M.D., Chris Papadopoulos, M.D., William
A. Pillsbury, M.D., Frank M. Shipley, M.D., Hilary T.S.
O'Herlihy, M.D., George S. Malouf Sr., M.D., Thomas C.
Cimonetti, M.D., James D. Drinkard, M.D., Ernest Scher,
M.D., Robert L. Young, M.D., Walter J. Alt, M.D., Kathryn M.
Rowe, Esq., Stephen H. Sachs, Esq., Joseph McCurdy, Esq.,
Defendants-Appellees,
 No. 86-3109.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1986.
Decided Jan. 8, 1987.
 
 Before HALL, PHILLIPS, and WILKINSON, Circuit Judges.
 Stanley A. Radvan-Ziemnowicz, appellant pro se.
 Stephen Howard Sachs and Daniel J. O'Brien, Office of the Attorney General of Maryland, for appellees.
 PER CURIAM:
 
 
 1
 Dr. Radvan-Ziemnowicz appeals from the district court's denial of his motion for reconsideration. In 1983 the Maryland Commission on Medical Discipline stayed its prior revocation of Dr. Radvan-Ziemnowicz's medical license and put Radvan-Ziemnowicz on probation. Radvan-Ziemnowicz appealed this decision seeking full exoneration. The Maryland Department of Health and Mental Hygiene Board of Review and the Maryland state court found no basis for jurisdiction in the Maryland statutes and dismissed his appeals. Radvan-Ziemnowicz filed a complaint in the district court requesting a temporary restraining order and a preliminary injunction.
 
 
 2
 By order entered on June 20, 1986, the district court, relying on the four-part test for granting an injunction and relying on the principles of res judicata and abstention, denied the injunction and dismissed the case as frivolous. Thirty-two days later on July 22, 1986, Radvan-Ziemnowicz filed a motion for reconsideration. By margin order entered on July 25, the district court denied Radvan-Ziemnowicz's motion. On August 8, fourteen days after the motion was denied but forty-nine days after the final judgment, Radvan-Ziemnowicz filed a notice of appeal. The appellees have filed a motion to dismiss the appeal as untimely.
 
 
 3
 Radvan-Ziemnowicz complied with neither Fed.R.Civ.P. 59(e) which requires the filing of a motion to amend within ten days of the final judgment nor Fed.R.App.P. 4(a)(1) which requires the filing of a notice of appeal within thirty days of the final judgment. Thus, no aspect of the initial judgment is before this Court. Radvan-Ziemnowicz's motion was timely only under Fed.R.Civ.P. 60(b) which grants the petitioner one year from the final judgment to file a motion for relief given unusual circumstances. See Fed.R.Civ.P. 60. Radvan-Ziemnowicz's motion raises issues of mistake and fraud; therefore, construing his motion under 60(b)(1) and (3) is appropriate. As a 60(b) motion does not toll the time for a direct appeal, Radvan-Ziemnowicz's notice of appeal was timely only as to the denial of this 60(b) motion. See United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982).
 
 
 4
 Radvan-Ziemnowicz raises no new issues in his motion. The issues of fraud and mistake which Radvan-Ziemnowicz raises simply restate his prior allegations. Radvan-Ziemnowicz's motion appears to be nothing more than a request that the district court change its mind. When considering the denial of a motion for reconsideration brought pursuant to Rule 60(b), the standard of review is whether the court has abused its discretion. See Williams, 674 F.2d at 312; United States Fidelity & Guaranty Co. v. Lawrenson, 334 F.2d 464, 466 (4th Cir.), cert. denied, 379 U.S. 869 (1964). We conclude that the district court did not abuse its discretion in denying Radvan-Ziemnowicz's motion.
 
 
 5
 We accordingly affirm the district court's denial of the motion for reconsideration and grant the appellees' motion to dismiss the appeal as untimely in regard to the original judgment. Radvan-Ziemnowicz's "motion for modification of the defendants' list" is denied. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 6
 Affirmed in part, dismissed in part.