898 F.2d 145
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert S. GARRICK, Plaintiff-Appellant,
v.
Lloyd John KELLY, Jr., Defendant-Appellee.
 No. 89-2090.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 17, 1989.
Decided: March 7, 1990.
Rehearing Denied April 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Richard L. Williams, District Judge. (C/A No. 86-217-A)
 Robert S. Garrick, appellant pro se.
 Trevor Washington Swett, II, Geoffrey Judd Vitt, Caplin & Drysdale, Chartered, for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Garrick, an attorney proceeding pro se, appeals the order of the district court taxing costs of $2130.15 after we affirmed the civil judgment against him on appeal. See Garrick v. Kelly, No. 87-3007 (4th Cir. Mar. 10, 1988) (unpublished).[1] We affirm.
 
 
 2
 The record shows that the clerk of the district court taxed costs of $2130.15 after giving notice to Garrick and not receiving any objection. Approximately one month after the costs were taxed by the clerk, Garrick filed a pro se appearance, made detailed objections to some of the costs, and requested a hearing. After Kelly responded,[2] Judge Williams, the trial judge, wrote the parties and proposed to resolve the issues raised by Garrick without a hearing. Judge Williams gave Garrick another five days to submit further documents in support of his arguments. Garrick filed a response,[3] renewed his request for hearing, and moved to recuse Judge Williams. Nine months later, Judge Williams entered an order overruling Garrick's objections because they were untimely and "because the costs as taxed are proper."[4]
 
 
 3
 On appeal, Garrick raises only two issues: one, whether the district court was obliged to conduct a hearing on Garrick's objections to costs as taxed by the clerk, and, two, whether Judge Williams should have recused himself from ruling on the assessment of costs.[5] We address these issues in turn.
 
 
 4
 Garrick's claim that he was entitled to a hearing on his objections is frivolous. The district court is generally authorized to rule on motions without a hearing in its discretion, see United States Fidelity and Guaranty Co. v. Lawrenson, 334 F.2d 464, 467 (4th Cir.), cert. denied, 379 U.S. 869 (1964); Fed.R.Civ.P. 78, and may "review" any objections to costs. See Fed.R.Civ.P. 54. More importantly, we note that Judge Williams considered the substance of Garrick's objections in full. Thus, we perceive no harm to Garrick.
 
 
 5
 Under 28 U.S.C. Sec. 455, a judge must remove himself if a reasonable person would have a reasonable basis to question the judge's impartiality. In re Beard, 811 F.2d 818, 827 (4th Cir.1987). This is an objective standard and does not require actual bias, only the appearance of bias. Id. Of course, the source of the alleged bias must originate from personal contact and not from "that learned by the judge from his participation in the matter." Id. See also United States v. Carmichael, 726 F.2d 158, 160 (4th Cir.1984). The decision of the district court in this regard is reviewed on appeal for an abuse of discretion. Carmichael, 726 F.2d at 160.
 
 
 6
 Garrick contended that Judge Williams' geographical location prejudiced his "right" to a hearing; Kelly had improperly solicited Judge Williams' participation in the matter of costs by sending a courtesy copy of Kelly's response to Garrick's objections; and Judge Williams was biased against him. None of these arguments can prevail. Garrick's claim of geographical bias is frivolous. Moreover, we see no problem with the participation of Judge Williams, the trial judge, in ruling on the matter of costs. Finally, we note that Garrick did not file an affidavit, pursuant to 28 U.S.C. Sec. 144, alleging bias on the part of Judge Williams. This is consistent with our view of the record--there was no basis to believe that Judge Williams was prejudiced against Garrick. Indeed, the only evidence suggesting such a bias is the fact that Judge Williams presided over Garrick's unsuccessful trial. Therefore, we hold that Judge Williams did not abuse his discretion in refusing to recuse himself.
 
 
 7
 Accordingly, we affirm the assessment of costs.[6] We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 We affirmed the jury verdict, which awarded Kelly $75,000 in damages on a countersuit
 
 
 [2]
 Kelly argued that Garrick's objections were untimely
 
 
 [3]
 For the first time, Garrick claimed that his objections were untimely because he had not received the notice from the clerk
 
 
 [4]
 There is no explanation in the record for the delay in ruling on the objections
 
 
 [5]
 Garrick does not challenge the propriety of the assessed costs on appeal
 
 
 [6]
 We deny Kelly's motion for summary affirmance