51 F.3d 268
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jeffrey M. THURMAN, Plaintiff-Appellant,
v.
Bishop L. ROBINSON; Richard Lanham; Sewall Smith,
Defendants-Appellees.
 No. 94-6998.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 7, 1995.
Decided: March 28, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-94-1951-MJG)
 Jeffrey M. Thurman, Appellant Pro Se.
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jeffrey Thurman appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 (1988) action pursuant to 28 U.S.C. Sec. 1915(d) (1988). We affirm.
 
 
 2
 Thurman is currently incarcerated at the Maryland Penitentiary ("Penitentiary"). He filed this Sec. 1983 action claiming that he was forced to endure poor living conditions during and immediately after the July 16-17, 1991, uprising at the Penitentiary. He also alleges that Maryland Division of Corrections (DOC) personnel allowed contraband to be smuggled into the Penitentiary for use in the uprising, and that personnel did not adequately protect prisoners' personal property in the aftermath of the uprising.
 
 
 3
 Shortly after the uprising, thirty-six inmates filed separate civil actions in the district court, raising Eighth Amendment claims arising from the riot itself and conditions of confinement due to the riot. DuDonis v. Robinson, No. CA-JFM-91-2434 (D. Md. Nov. 21, 1991). This Court affirmed the district court's grant of summary judgment to the defendants. See DuDonis v. Robinson, No. 91-6696 (4th Cir. Apr. 26, 1993) (unpublished). Thurman was not one of the plaintiffs in this group of civil actions.
 
 
 4
 In the case at bar, the district's court's recitation of the facts surrounding the riot is derived partially from the complaint in this case and partially from the pleadings filed in Dudonis v. Robinson. The district court dismissed Thurman's action without requiring service of process on the Defendants pursuant to 28 U.S.C. Sec. 1915(d) (1988), and Neitzke v. Williams, 490 U.S. 319, 324 (1989).
 
 I.
 
 5
 Under Sec. 1915(d), a district court may dismiss claims based on indisputably meritless legal theories and the factual contentions of which are clearly baseless. Denton v. Hernandez, 112 S.Ct. 1728, 1733-34 (1992); Neitzke, 490 U.S. at 327; Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994). To meet the Sec. 1915(d) test, the claim must lack "an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. The standard of appellate review for cases dismissed under Sec. 1915(d) is abuse of discretion. Denton, 112 S.Ct. at 1734. A reviewing court should consider the pro se status of a plaintiff; whether the lower court resolved genuine issues of disputed fact; whether erroneous legal conclusions were applied; whether lower court has provided a statement explaining dismissal (to facilitate appellate review); and whether the dismissal is without prejudice. Id.; Adams, 40 F.3d at 74.
 
 
 6
 We find that the district court should not have relied on principles of res judicata to dismiss Thurman's Complaint pursuant to Sec. 1915(d). " 'Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' " Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir.1991) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). The bar of res judicata may be invoked if there is: (1) a final judgment on the merits in the prior action; (2) an identity of the cause of action in both proceedings; and (3) an identity of the parties or their privies. Meekins v. United Transp. Union, 946 F.2d 1054, 1057-58 (4th Cir.1991).
 
 
 7
 Although the district court found that Thurman was in privity with the plaintiffs in Dudonis because he too was a hostage held in C-Block, the cases in Dudonis were not a class action. Thus, Thurman was not obligated to take part in that suit to preserve his claims, and his interests were not represented by the Plaintiffs in Dudonis. Therefore, the principles of res judicata were not applicable to this case.
 
 
 8
 However, the court did not err by relying on the facts from Dudonis.
 
 
 9
 "As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence.... Among the recognized exceptions are instances in which the prior case is brought into the pleadings in the case on trial or where the two cases represent related litigation."
 
 
 10
 United States Fidelity & Guar. Co. v. Lawrenson, 334 F.2d 464, 467 (4th Cir.) (quoting Lowe v. McDonald, 221 F.2d 228, 230-31 (9th Cir.1955)) cert. denied, 379 U.S. 869 (1964). This case falls into the exception to the judicial notice rule because this case is related to the litigation in Dudonis, and many of the facts crucial in Dudonis are crucial in this case. By taking judicial notice of the facts in Dudonis, the district court in this case avoided the necessity of taking evidence which could only establish what the court already knew from an examination of its own records.
 
 II.
 
 11
 Thurman's first claim is that prison officials were remiss in their duty to maintain security at the prison because unnamed correctional officers smuggled guns to prisoners who later used the guns in the uprising. The Supreme Court recently stated that Eighth Amendment liability requires consciousness of a risk. Farmer v. Brennan, 62 U.S.L.W. 4446 (U.S.1994). The Court specifically stated that:
 
 
 12
 a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
 
 
 13
 Id. at 4449. Furthermore, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 4451.
 
 
 14
 The actions the named Defendants undertook after obtaining information of a planned escape in C-Block, which included tightening prison security and planning joint action with state police to conduct a shakedown to recover contraband, constituted reasonable reaction to a known risk. Id. Moreover, Thurman has not alleged or shown that the named Defendants knew correctional officers were smuggling firearms to prisoners.
 
 
 15
 Although Thurman contends that unnamed, unidentified correctional officers were responsible for allowing firearms to be smuggled into the prison, his allegations are too vague and conclusory to state a cognizable claim. A court must liberally construe pro se complaints, but does not act as advocate. Weller v. Department of Social Servs., 901 F.2d 387, 390-91 (4th Cir.1990). A court is not expected to develop tangential claims from scant assertions in the complaint, where the essence of the complaint concerns another issue. Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir.1985), cert. denied, 475 U.S. 1088 (1986). Thurman's failure to protect claim was properly dismissed. Adams, 40 F.3d at 74.
 
 III.
 
 16
 Thurman next claims that the conditions in the yard where the inmates were housed for two days following the riot constituted cruel and unusual punishment. The district court found, based on the record in Dudonis, that mattresses and tents were provided as soon as they became available, and that sick and elderly inmates were offered immediate housing in other areas of the institution. The evidence also reveals that food and beverages were provided to the inmates two or three times daily, and that shower and toilet facilities were available. See Dudonis, No. CA-JFM-91-2434.
 
 
 17
 We conclude that no deprivation of basic human needs occurred, particularly in light of the exigent circumstances which gave rise to the conditions complained of, see Whitley v. Albers, 475 U.S. 312, 320-21 (1986), and the temporary nature of the deprivation, see Mitchell v. Rice, 954 F.2d 187, 191 (4th Cir.), cert. denied, 61 U.S.L.W. 3264 (U.S.1992). Even assuming Thurman was placed in segregation following the riot, he was not deprived of any basic human need. Therefore, we affirm the dismissal of this claim because there is no arguable basis in law which supports this claim. Neitzke, 490 U.S. at 325; Adams, 40 F.3d at 74.
 
 IV.
 
 18
 Finally, Thurman claims that in the process of removing and inventorying inmate property, the Defendants destroyed certain personal property, including legal materials.
 
 
 19
 To the extent that Thurman raises a due process claim, it is meritless. Property was removed from the cells to be searched so that inmates could be quickly returned to the cells. Any negligent loss of property in this process is not actionable under Sec. 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986). Further, Thurman does not allege that property was destroyed pursuant to any official policy, and therefore recovery is foreclosed by the availability of adequate state remedies. Zinermon v. Burch, 494 U.S. 113 (1990); see Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels, 474 U.S. at 327.
 
 
 20
 To the extent that Thurman claims that the deprivation of his property resulted in the denial of access to the courts, the claims are likewise without merit, though different analysis is required. See Morello v. James, 810 F.2d 344, 346-48 (2d Cir.1987). Here, Thurman has not alleged any harm from Defendants' actions, as required to state a denial of access claim. Strickler v. Waters, 989 F.2d 1375 (4th Cir.), cert. denied, 114 S.Ct. 393 (1993). Therefore, the dismissal of this claim was proper.
 
 V.
 
 21
 Accordingly, we affirm the district court's order dismissing Thurman's Complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 22
 AFFIRMED.