52 F.3d 321
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 James Larry OWENS, Plaintiff-Appellant,
v.
Sewall B. SMITH, Warden; Filbert, Former Assistant Warden;
Theodore Purnell, Assistant Warden & Former Security Chief;
James N. Rollins, Former Warden; Bernard SMITH, Former
Assistant Warden and Acting Warden; James Sanders, Former
Security Chief; William Jednorski, Former Acting Security
Chief; John & Jane Doe Correctional Officers, in their
individual and official capacities, Defendants-Appellees.
 No. 94-7363.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 7, 1995.
Decided April 24, 1995.
 
 Before MURNAGHAN, WILKINS and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Larry Owens appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 (1988) action pursuant to 28 U.S.C. Sec. 1915(d) (1988). We affirm.
 
 
 2
 Owens is currently incarcerated at the Maryland Penitentiary ("Penitentiary"). He filed this Sec. 1983 action claiming that the Defendants violated his Eighth Amendment rights by failing to protect him from a pervasive and unreasonable risk of harm. He alleged that Maryland Division of Corrections (DOC) personnel allowed contraband to be smuggled into the Penitentiary for use in a July 16-17, 1991, uprising. He further alleged that during the uprising, he was raped and assaulted by the inmates who took control over C-Block, and his property was looted and destroyed by other inmates.
 
 
 3
 Shortly after the uprising, thirty-six inmates filed separate civil actions in the district court, raising Eighth Amendment claims arising from the riot itself and conditions of confinement due to the riot. DuDonis v. Robinson, No. CA-JFM-91-2434 (D. Md. Nov. 21, 1991). This Court affirmed the district court's grant of summary judgment to the defendants. See DuDonis v. Robinson, No. 91-6696 (4th Cir. Apr. 26, 1993) (unpublished). Owens was not one of the plaintiffs in this group of civil actions.
 
 
 4
 In the case at bar, the district's court's recitation of the facts surrounding the prison disturbance is derived partially from the com plaint in this case and partially from the pleadings filed in Dudonis v. Robinson. The district court dismissed Owens's action pursuant to 28 U.S.C. Sec. 1915(d) (1988), and Neitzke v. Williams, 490 U.S. 319 (1989).
 
 I.
 
 5
 Under Sec. 1915(d), a district court may dismiss claims based on indisputably meritless legal theories and clearly baseless factual contentions. Denton v. Hernandez, 112 S.Ct. 1728, 1733-34 (1992); Neitzke, 490 U.S. at 327; Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994). To meet the Sec. 1915(d) test, the claim must lack "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. The standard of appellate review for cases dismissed under Sec. 1915(d) is abuse of discretion. Denton, 112 S.Ct. at 1734. A reviewing court should consider the pro se status of a plaintiff; whether the lower court resolved genuine issues of disputed fact; whether erroneous legal conclusions were applied; whether the lower court has provided a statement explaining dismissal (to facilitate appellate review); and whether the dismissal is without prejudice. Id.; Adams, 40 F.3d at 74.
 
 
 6
 We find that the district court erred by relying on principles of res judicata to dismiss Owens's complaint, but, in any event, the dismissal of Owens's Complaint pursuant to Sec. 1915(d) was appropriate.
 
 
 7
 " 'Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' " Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir.1991) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). The bar of res judicata may be invoked if there is: (1) a final judgment on the merits in the prior action; (2) an identity of the cause of action in both proceedings; and (3) an identity of the parties or their privies. Meekins v. United Transp. Union, 946 F.2d 1054, 1057-58 (4th Cir.1991).
 
 
 8
 The parties in this case and Dudonis are not identical. Additionally, the cases in Dudonis were not a class action. Thus, Owens was not obligated to take part in that suit to preserve his claims, and his interests were not represented by the plaintiffs in Dudonis. Therefore, the principles of res judicata were not applicable to this case. However, the court did not err by relying on the facts from Dudonis.
 
 
 9
 "As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence.... Among the recognized exceptions are instances in which the prior case is brought into the pleadings in the case on trial or where the two cases represent related litigation."
 
 
 10
 United States Fidelity & Guar. Co. v. Lawrenson, 334 F.2d 464, 467 (4th Cir.) (quoting Lowe v. McDonald, 221 F.2d 228, 230-31 (9th Cir.1955)), cert. denied, 379 U.S. 869 (1964). This case falls into one of the above exceptions to the judicial notice rule because it is related to the litigation in Dudonis, and many of the same facts crucial in Dudonis are crucial in this case. By taking judicial notice of the facts in Dudonis, the district court in this case avoided the necessity of taking evidence which could only establish what the court already knew from an examination of its own records.
 
 II.
 
 11
 Owens's first claim is that prison officials were remiss in their duty to maintain security at the prison by allowing unnamed correctional officers to smuggle guns to prisoners, who later used the guns in the uprising. The Supreme Court recently stated that Eighth Amendment liability requires consciousness of a risk. Farmer v. Brennan, 114 S.Ct. 1970 (1994). The Court specifically stated that:
 
 
 12
 a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
 
 
 13
 Id. at 1979. Furthermore, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 1982-83.
 
 
 14
 The actions the named Defendants undertook after obtaining information of a planned escape in C-Block, which included tightening prison security and planning joint action with state police to conduct a shakedown to recover contraband, constituted reasonable reaction to a known risk. Id. Moreover, Owens has not alleged or shown that the named Defendants knew correctional officers were smuggling firearms to prisoners, so he has not stated a viable claim sufficient to preclude summary dismissal. Id. at 1979; Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir.), cert. denied, 502 U.S. 828 (1991); Adams, 40 F.3d at 74.
 
 III.
 
 15
 Finally, Owens claims that his property was not returned to him. To the extent that Owens raises due process claims, they are meritless. Property was removed from the cells to be searched so that inmates could be quickly returned to the cells. Any negligent loss of property in this process is not actionable under Sec. 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986). Further, Owens does not allege that property was destroyed pursuant to any official policy, and therefore recovery is foreclosed by the availability of adequate state remedies. Zinermon v. Burch, 494 U.S. 113 (1990); see Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels, 474 U.S. at 327.
 
 
 16
 To the extent that Owens claims that the deprivation of his property resulted in the denial of access to the courts, the claims are likewise without merit, though different analysis is required. See Morello v. James, 810 F.2d 344, 346-48 (2d Cir.1987). Here, Owens has not alleged any harm from Defendants' actions, as required to state a denial of access claim. Strickler v. Waters, 989 F.2d 1375 (4th Cir.), cert. denied, 114 S.Ct. 393 (1993). Therefore, we affirm the dismissal of this claim.
 
 IV.
 
 17
 Accordingly, we affirm the district court's order dismissing Owens's Complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED