**ATLANTIC STATES CONSTRUCTION COMPANY, Appellee,**

v.

**ROBERT E. LEE & CO., INC. OF SOUTH CAROLINA, and Robert M. Lee, Appellants.**

**No. 12441.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 29, 1968.

Decided Feb. 5, 1969.

Joseph O. Rogers, Jr., Manning, S. C., (Rogers & Riggs, Manning, S. C., on brief) for appellants.

Irvine F. Belser, Jr., Columbia, S. C., (Charles E. Baker, and Belser, Belser & Baker, Columbia, S. C., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and HUTCHESON, District Judge.

CRAVEN, Circuit Judge:

We affirm the entry below of summary judgment under Rule 56 of the Federal Rules of Civil Procedure against Robert E. Lee & Company, Inc. and Robert M. Lee.

Atlantic States brought this diversity action in the district court on an admittedly valid promissory note dated April 4, 1963, for $58,040.37 bearing six percent interest from December 31, 1964, made by the Lee Company and endorsed individually by Robert M. Lee. Although the company and Lee were unquestionably bound on the note, there

was an ancillary agreement, typical of construction industry complexity, whereby any profits earned by an associated company, Carolina Dredging, on the "Flintkote Job" were to be applied against the note. The amount of these profits is the subject of the litigation. The only question on appeal is whether there was an issue of fact as to the amount of profits to be applied to reduce the note so as to prevent Rule 56 summary judgment.[1]

Defendants maintain that such a factual issue is raised (1) by an alleged statement made by Charles Girardeau, III, vice president of Atlantic States, after going through the accounts at the Flintkote job site with the owner of Carolina Dredging during the latter stages of the construction project to the effect that it looked as if the job had made about $25,000, and (2) by a letter from W. C. Lea, chairman of the board of Atlantic States, on December 7, 1964, to defendant Robert M. Lee. That letter read in part:

"1. Tommy [John T. Parker, owner of Carolina Dredging] has evidently 'earned' approximately $25,000.00 against the note for $58,040.37 dated April 4, 1963, which you endorsed.
* * *
"2. You paid us $5,000.00 and with the credits referred to above, assuming they are true, and adding in the interest of $1,379.90 to date, this leaves a present deficiency of $29,420.-27.

"3. * * *. We'll send you an accurate accounting in the next few weeks and will expect your check for the balance due at that time."

When the "accurate accounting" was sent to defendants on February 17, 1965, it showed a profit or credit to Carolina Dredging of $7,919.11, $17,080.89 less than the estimated earnings. Defend-

ants would have us hold that because the only records and accounts of the job were kept by Atlantic States and because its officers made statements estimating a $25,000 profit that there is a triable issue of fact. With the district court we think not.

Rule 56(c), Federal Rules of Civil Procedure, provides:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

Rule 56(e), Federal Rules of Civil Procedure, provides:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Atlantic States offered in evidence in support of its Rule 56 motion the records and accounts of the "Flintkote Job" which show that the project earned a profit of $7,919.11. The burden was then upon defendants to set forth *specific facts* showing that there was a genuine issue of fact for trial. The statement of plaintiff's vice president and the letter written by plaintiff's board chairman are, of course, inconsistent with the final audit of the job, but it cannot be said that they created an issue of fact as to the accuracy of the audit. This is not a case requiring con-

---

1. Because of defendants' stipulation in open court that we need not reach the issue unless the case is otherwise reversed, we do not decide whether defendants were entitled to trial by jury on the issue of reasonable attorney's fees under Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1962).

struction of an ambiguous term of a contract wherein conflicting inferences often arise,[2] nor is it a case where observation of witnesses' demeanor is required to evaluate credibility.[3] Instead we have here simply an accounting problem which is especially suited to disposition by summary judgment, *viz.*, the determination from available accounts and records of the amount of credit due on a promissory note.

Plaintiff's evidence is precise and to the point. The records and accounts of the "Flintkote Job" have been available for defendants' examination since November 9, 1967, when they were put in evidence during defendants' deposition of plaintiff's vice president, Girardeau, but defendants have not yet seen fit to analyze them for inaccuracies.[4]

It is not the office of Rule 56 to preserve purely speculative issues of fact for trial. "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee's Note, 1963 Amendments of the Federal Rules of Civil Procedure, Rule 56(e). "[W]hen a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence." Bruce Construction Corp. v. United States, 242 F.2d 873, 875 (5th Cir.1957). Defendants have made no sufficient showing under Rule 56(f) why they cannot obtain from examination of the records facts essential to opposition of the motion. Where such

facts, if they exist, are readily accessible to defendants and are not produced, we hold that the motion for summary judgment was properly granted.

Affirmed.

---

2. See, e. g., American Fidelity and Casualty Co. v. London & Edinburgh Ins. Co., 354 F.2d 214 (4th Cir. 1965).

3. See, e. g., Cram v. Sun Insurance Office, Ltd., 375 F.2d 670 (4th Cir. 1967).

4. Defendants did cursorily examine a small portion of plaintiff's accounts at the Girardeau deposition, November 9, 1967, and found a single error in the accountant's transposition of certain figures. The error amounted to $35.08 for which the district court gave credit in its order. We agree with the district court that a $35.08 mistake in the accounts of a $239,060 job does not justify the assumption that there are other mistakes.