A. Case Docket No. 80-A* comes before the court, without oral argument, on the defendant’s motion to dismiss 38 of 46 plaintiffs for failure to prosecute a claim brought by 46 Bands of Mission Indians of Southern California to recover losses allegedly suffered from the failure, neglect or refusal of the United States to protect their water and mineral rights. The eight bands excluded by the Government’s motion were either actively prosecuting their claims[1] or were associated or merged into an active band.[2] The remaining tribes have let their attorneys’ contracts on these claims expire in August of 1961 or 1964 and have not evidenced a desire to pursue their claims since. In response to the motion to dismiss, twelve plaintiffs[3] obtained new attorneys’ contracts approved by the Department of Interior, and the Government abandons its motion to dismiss as to these twelve. These twelve Bands also seek to sever their case from the five already-active bands, see note 1, supra, because these five claims already are in the pre-trial stage and because these claims concern the same watershed. The Government does not object to this severance, and the court agrees with the severance for the reasons advanced. The motion to dismiss the twelve tribes recently obtaining attorneys’ contracts is thus denied, and the claims of these twelve will be severed from Docket No. 80-A pursuant to Rule 131(b) and will be given a new docket number as a separate case.
The dismissal of any of the remaining Bands is opposed by the Four Bands (note 1, supra) unless dismissal is *670 without prejudice to the right of the Four Bands to assert the claims of any of the dismissed bands to which they may be a successor. These plaintiffs identified three bands alleged to be merged into two of their members[4] and desire to keep alive the claims of any inactive plaintiffs later found to be merged into one of the Four Bands. The Government concedes that the Four Bands should have the opportunity to present proof of the merger of the three bands and does not now seek the dismissal of these plaintiffs. The Government does oppose precluding dismissal of the remaining 23 bands because, it asserts, no new historical evidence of ancestry can be expected during the trial since a particular expert witness is to be used and because renewed discovery efforts in response to the defendant’s motion to dismiss are too late. We cannot agree. Defendant having accepted the premise that allegedly merged bands should survive its motion for dismissal, we do not wish to foreclose the possibility of similar bands having been merged[5] — at least not prior to the conclusion of discovery in the pre-trial phase of this suit. Nor can we now hold one source of expert evidence so complete as to preclude the possibility of obtaining the needed information from other sources. Similarly with defendant’s second objection, for if new discovery is provoked by this dismissal motion, we fail to see how it is different from the acquiesced-in new discovery that will result from the twelve newly activated bands or from the three allegedly merged bands. As such, any dismissals we make must be without prejudice to the right of the Four Bands to assert the claims of any band to which they are later found to be a successor. Since there has been no response to the dismissal motion from the remaining bands and since no interest in this litigation has been shown by them since 1964, we dismiss the remaining 23 claims[6] but without prejudice to the right of the Four Bands to assert successor claims. Ct. Cl. R. 102(b)(2).
*671 B. Case 80-B** is before the court, without oral argument, on defendant’s motion for summary judgment. The same 46 plaintiffs here seek a full and complete accounting of all transactions carried out by the United States in receiving and disbursing their property. In a report prepared by the General Services Administration in June 1968, defendant claims to have fully accounted for its receipts and expenditures and the Commission gave plaintiffs 90 days to file exceptions to the accounting. Plaintiff sought postponement until case 80-A was disposed of. The Commission made no decision on this request but granted plaintiffs a 4% month postponement due to the pendency of possibly related cases in California courts; those cases are still pending. No action was taken by the Commission subsequent to lapse of this time and five years later in April 1975, defendant filed this motion for summary judgment.
Although we share the Government’s frustration at the delay in the accounting case, we cannot grant its motion for summary judgment. The Commission has never ruled on the interplay of the alleged deprivation of water rights, case 80-A, and the subject matter of the accounting in case 80-B. It is possible that the deprivation of water rights was affected by, or the result of, Government disbursal of plaintiffs property and that it will affect the accounting. Moreover, the continued pendency of the California cases, which justified a prior delay, may be equally relevant now — at least defendant has not explained away the possible effect these cases may have on the accounting case. Since the purpose of the delay is to determine whether plaintiffs disagree with any of the accounting items, summary judgment is not appropriate unless it is clear that the figures are accurate and well supported. Cf. Atlantic States Constr. Co. v. Robert E. Lee & Co., 406 F. 2d 827, 829 (4th Cir. 1969); Sioux Tribe v. United States, 12 Ind. Cl. Comm. 541, 549 (1963) (summary judgment proper where veracity of accounting figures not in issue). However, our refusal to grant summary judgment to the defendant at this time does not foreclose action by the defendant, if and when appropriate, seeking to dispose of the matter on the ground of the failure of plaintiffs to prosecute the case.
*672 it is ordered and concluded that defendant’s motion to dismiss 23 bands (see note 6, supra) is granted without prejudice to the right of the Four Bands to assert claims as successors to the dismissed tribes and that defendant’s motion for summary judgment on the accounting is denied at this time and without prejudice.

 Transferred from the Indian Claims Commission to this court in December 1976.

 Four of the bands, the La Jolla, Rincon, Pala and Pauma (Four Bands) had been active on their claims since the 1950’s. The San Pasqual Band became active on its claim in 1971 which claim is physically a part of the Four Bands’ claim. The Soboba Band was severed and set up as a separate docket in 1977.

 The Potrero and Yuma Bands merged into the La Jolla and Pauma Bands respectively.

 The twelve Bands are: Campo, Cuyapaipe, Inaja, La Posta, Los Coyotes, Mesa Grande, Morongo, Pechanga, San Luis Rey, Santa Rosa, Santa Ysabel, and Barona Group of Capitan Grande (Viejas).

 The San Felipe Band and the Old Pala Band were merged into the Pala Band, and the Yapechi Band was merged into the La Jolla Band. Also see note 2, supra.

 This is particularly true since 17 of the 23 tribes whose dismissal is sought are no longer an identifiable tribe, band or group within the meaning of the Indian Claims Commission Act, 25 U.S.C. § 70(a), as amended.

 The 23 remaining bands are: Jamul, Puerta Noria, Tah-Wee, Mesa Chiquit, Puerta Cruz, Guatay, Aguanga, Manzanita, San Ignacio, Vallecito, Old Campo, Old Mission, Santa Manual, Kahweah (Cahuilla) Mataquay, Laguna, Santa Gertrudes, Las Flores, Gabrielenos, Torres-Martinez, San Juan Capistrano, Buena Vista, and Sequan.

 Transferred from the Indian Claims Commission to this court in December 1976.