Roy ATKINSON, Administrator of the
Estate of Alex Norris
Atkinson, Appellant,

v.

E. R. BASS and A. J. Hayes,
Jr., Appellees.

No. 77–1221.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 8, 1978.

Decided July 13, 1978.

Herman L. Taylor, Greensboro, N. C., for appellant.

Louis B. Meyer, Wilson, N. C. (Lucas, Rand, Rose, Meyer, Jones & Orcutt, Wilson, N. C., on brief), for appellees.

Before BRYAN, Senior Circuit Judge, and RUSSELL and WIDENER, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

The District Court, we conclude, rightfully granted summary judgment as moved by defendant police officers, Bass and Hayes, in this civil rights action of plaintiff administrator against them for damages for the fatal shooting of his intestate, Alex Atkinson, in Wilson, North Carolina. 42 U.S.C. § 1983.

Deceased was shot as he aimed a loaded firearm at the officers, resisting their execution upon him of a search and arrest warrant. Defendants pleaded self-defense in vindication of their act. Affidavits served with the motion and uncontroverted in any respect, conclusively established that there was no genuine issue in the case and that the homicide was justifiable. Judgment went for the defendants November 22, 1976. The only question on this appeal, therefore, is the regularity of the procedure leading to the judgment.

Plaintiff attacks the judgment on the assertion that he was not given a hearing on the motions for summary judgment. In this he notes that contemporaneously with the filing and service of them, defendants also served notice on plaintiff's attorney that they would "bring . . . [the motions] on for hearing before a Judge of the United States District Court for the Eastern District of North Carolina at a time and place to be set by the Court for its conve-

nience". The findings and order of the Court, upholding the motions and dismissing the complaint, also recite that the movants thereafter "represented to the court their willingness to have the matter decided without oral argument". Plaintiff, although never himself having requested a hearing on the motions now assigns invalidity to the judgment, in that, for want of notice to him of the waiver and submission he was deprived of the opportunity for a hearing. We cannot agree.

To the complaint filed on August 24, 1976, defendant-appellees timely responded on September 13, by the filing and service of a motion for summary judgment, accompanied by comprehensive and precise affidavits and memoranda. Thereupon, *positive* action was demanded of plaintiff. F.R. Civ.P. 56(e) explicitly admonishes that he could not then simply "rest" on his complaint—that he "must" affirmatively respond. Notwithstanding, he did absolutely nothing then or thereafter at any time. This negative determination of plaintiff subjected him to the discipline of the Rule: "If he [plaintiff] does not so respond, summary judgment, if appropriate, *shall* be entered against him [plaintiff]." (Accent added.) *Atlantic States Const. Co. v. Robert E. Lee & Co., Inc.*, 406 F.2d 827, 829 (4 Cir. 1969); *Berry v. Atlantic Coast Line Railroad Company*, 273 F.2d 572, 582 (4 Cir. 1960). Accordingly, judgment for the defendants rightly followed.

On appeal, plaintiff relies chiefly on Rule 56(c) stipulating that "prior to the hearing [he] may serve opposing affidavits". His argument is that by the omission of the hearing he lost the opportunity of presenting his defense to the motion. But this conclusion is denied by the Rule and the facts. Even if this Rule 56(c) is read as squaring with the requirement of Rule 56(e) for a response, plaintiff was still in default under both Rules.

The reason is that, as he concedes in his brief, he had no affidavits and no assurance of obtaining them. Affidavits were essential in his proof, he states, because the only use he "could make of the witnesses would

be to take their affidavits—*if they would give them*. If they would not give an affidavit, then the only other use that could be made of such witnesses would be at a hearing." (Accent added.)

Incidentally, despite his insistence that he was prejudiced because denied a chance to present affidavits, he has not at any stage of this litigation disclosed what the affidavits would have averred. Furthermore, no proffer has ever been made of the testimony he expected from the witnesses, if they did not agree to give affidavits but had to be subpoenaed to testify at the trial. Consequently, we are considering an unreal or speculative grievance.

If he had been willing to follow the Rules, his problem with the affidavits would have been solved by Rule 56(f):

"(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

However, plaintiff made no effort to make his difficulty "appear" to the Court. Of course, the "affidavits" required by this Rule are not those of Rule 56(c) on which plaintiff depended to prove his case; they are only explanatory of his failure to file the evidential affidavits mentioned in 56(c). Obviously, compliance with Rule 56(f) would have removed the predicament plaintiff faced.

As already noted, plaintiff further maintains that the denial of a hearing also prevented him from establishing his rebuttal through witnesses called to testify. This argument is refuted by his disregard of the requirement of Rule 56(e), as expounded earlier, necessitating a "response" to the motion.

A hearing was available to plaintiff for the asking. The District Court's local Rule 4(H) states:

"(H) *Hearing on Motion.* Motions will be considered and decided without a hearing, unless otherwise ordered by the Court, or unless requested by counsel for either movant or respondent. Uncontested motions will not be denied without giving the *movant* an opportunity to be heard." (Accent added.)

A like rule of the United States District Court for Maryland was upheld as Constitutional by us in *United States Fidelity & Guaranty Co. v. Lawrenson*, 334 F.2d 464, 466 (4 Cir. 1964) cert. den. 379 U.S. 869, 85 S.Ct. 141, 13 L.Ed.2d 71 (1964).

Truth is that plaintiff's failure to obtain a hearing was because throughout he had flouted the Rules. By not so much as a hint did he ever indicate to the District Court any interest at all in contesting the motion for summary judgment. More than two months elapsed between the service of the motion and the dismissal, without "response" or appearance of any sort from plaintiff in regard thereto. If plaintiff's position be upheld, it would mean that he could indefinitely continue to do nothing, and so without end stagnate the judicial process, although he was the claimant. Surely neither the trial court nor the opposing parties should be subjected to such dilatory procedure.

Affirmed.

WIDENER, Circuit Judge, concurring and dissenting:

While I concur in the judgment of the court as to Chief of Police Hayes, I respectfully dissent as to the judgment in favor of officer Bass.[1]

The majority opinion is plainly correct in its statement that the burden of responding to the defendants' motions for summary judgment rests squarely on the plaintiff. Moreover, if the plaintiff was having trouble obtaining responsive affidavits as he claims,[2] he should have so informed the court. Instead, he said nothing to anyone for two months after the motion for summary judgment was filed. Frankly put, the plaintiff may not be entirely without fault; nor may the procedural pitfall he has encountered have been unavoidable.

But even if the plaintiff did not do all that we might ideally expect of him, we should pursue the insistent inquiry: whether he did that which has been demanded of him by the Federal Rules of Civil Procedure and the local rules of the district court. It is on that issue that I depart from the majority.

Under FRCP 56(c), a party opposing a motion for summary judgment has until the day before the hearing on the motion to serve opposing affidavits, for such shall be done "prior to the day of hearing." The majority dismisses any problems which arise from compliance with that procedure by observing that the plaintiff never moved for a hearing. But I submit that, because the plaintiff was on notice of the defendants' request for a hearing on their motion, a similar motion by the plaintiff would have been superfluous to the protection of the plaintiff's rights, and he should not be faulted for not having made it. Nothing in the Federal Rules of Civil Procedure or the local rules requires him to do so.

---

1. I dissent only to the judgment in favor of officer Bass. The plaintiff's attorney on oral argument candidly told us he no longer resisted the judgment in favor of Chief of Police Hayes which also rested on an alternate ground which was plainly right. I emphasize that my dissent should not be taken to imply any opinion on the merits of the case. I also emphasize that my dissent implies no culpability on the part of the district court. I think what happened was simply a good faith mistake.

2. The plaintiff contends that witnesses which would support his claim would not give affidavits, but would testify if subpoenaed. The plaintiff's attorney specifically states that he talked to one of these who is a bellhop who was present at the scene and whose statement indicates that his testimony would refute the police officers' affidavits. While the plaintiff's attorney tells us he contemplated requiring the bellhop to testify at the scheduled hearing, we do not need to pass upon whether or not the district court must allow that procedure, for it is certain the court can compel the bellhop's testimony. See FRCP 56(f).

We are told by the defendants' attorney that he did not talk to the bellhop.

Thus, on September 13, 1976, the defendants filed with the district court a notice addressed to the attorney for the plaintiff, stating: "PLEASE TAKE NOTICE that the undersigned will bring the foregoing Motion To Dismiss and Motion For Summary Judgment on for hearing before a Judge of the United States District Court for the Eastern District of North Carolina at a time and place to be set by the Court for its convenience." Under Local Rule 4(H) (see majority opinion, p. 5) a hearing would be held upon request of either party. Thus, there was no reason for the plaintiff at that time to request a hearing, and he had until the day before the prospective hearing to file a response to the defendants' motion and affidavits.

However, as stated in the district court's order, the defendants afterward represented to the court a "willingness to have the matter decided without oral argument." It appears that this representation was made orally in an *ex parte* communication with the district court, initiated, we were told by the defendants at oral argument, by either a law clerk or the clerk's office. The defendants have not controverted the plaintiff's assertion that the plaintiff was given no notice of the withdrawal of the request for a hearing. Rather, the plaintiff first learned that no hearing would be held when he received the court order granting summary judgment to the defendants. Those matters stand as facts.

The defendants' *ex parte* communication with the court, without notice given, either contemporaneously or immediately thereafter, to the opposing party concerning the substance of the communication, was an act calling for reversal when it substantially affected the substantive or procedural rights of the plaintiff and resulted in the dismissal of his claim. Either the court or the defendants should have notified the plaintiff, thereby affording him an opportunity to request a hearing under local rule 4(H). This duty, I believe, would lie especially heavy on the district court if it did in fact initiate the communication with the defendants, for it commented in its order, "Plaintiff has not responded in any fashion to this motion, and the time for doing so has long passed." Until the defendants withdrew their request for a hearing, which they contend was initiated by the court, a hearing was to be held at some time in the future, and the time for filing countering affidavits could not have passed.

In conclusion, I believe the plaintiff had until the day before the hearing requested by the defendants to file a response to the motions for summary judgment. The rules demanded no more of him. Had the defendants, or the court, given notice of the withdrawal of the request for a hearing, and the plaintiff had then failed to either request a hearing or to file his response, he might have no complaint. But here he had no opportunity to take such action. One moment he had until the day before the hearing requested by the defendants to respond; the next, the withdrawal of the defendants' request for a hearing having been accomplished without notice, he was served with a judgment against him and told that it was too late to respond. In view of the fact the plaintiff was so severely prejudiced by the failure to give notice of the *ex parte* communication withdrawing the request for a hearing, I see no open course but to reverse and remand to allow the plaintiff to present whatever material he may have to controvert the affidavits in support of defendants' motion for summary judgment.[3]

3. I note in passing that this may be a case for application of FRCP 56(f) which, under certain conditions, permits the court to refuse the application for judgment in order to obtain affidavits, or depositions, or discovery.

I do not think the case of *United States Fidelity and Guaranty v. Lawrenson*, 334 F.2d 464 (4th Cir. 1964), should be persuasive here. In that case, acting under a not too dissimilar rule, a district court in Maryland denied a frivolous motion for a new trial without the hearing demanded by the movant. It is at once apparent that the motion here was far from frivolous; it resulted in the dismissal of the claim; the denial of the hearing in *Lawrenson* had no bearing on the outcome of the case, while here the denial of notice resulted in a judgment on the merits against the plaintiff; and, in all

events, the denial of a hearing upon request in *Lawrenson* is a far cry from the cancellation of a contemplated hearing without notice.

The suggestion with which the majority opinion concludes that "[i]f plaintiff's position be upheld, it would mean he could indefinitely continue to do nothing, and so without end stagnate the judicial process, although he was the claimant," I believe to be especially unpersuasive and inapplicable here. If, in fact, the plaintiff was guilty of delay, and such is not shown in the record, all anyone had to do to end it, either the district court or the defendants, was to give the plaintiff notice of the canceled hearing. This was not done, and I think its failure should not be excused.