841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Peggy Bayne WILSON, formerly known as Peggy C. Bayne,
Plaintiff-Appellant,
v.
SECURITY FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant-Appellee.
 No. 87-2603
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 6, 1988.
Decided: Feb. 26, 1988.
 
 Todd MacKinnon Ackley for appellant.
 Vance J. Bettis (Gignilliat, Savitz & Bettis, on brief), for appellee.
 Before K.K. HALL and WILKINSON, Circuit Judges, and BULLOCK, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Peggy Wilson was terminated from her position as vice-president responsible for business development and savings with Security Federal Savings and Loan Association on March 12, 1984. She subsequently brought suit against Security Federal in district court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, alleging that she was terminated because of her sex. On August 29, 1986, after substantial discovery, Security Federal moved for summary judgment. Plaintiff filed nothing in opposition to the motion and on November 13, 1986, the district court entered judgment for Security Federal, holding that plaintiff had failed to make out a prima facie case of sex discrimination. Plaintiff's subsequent motion for relief from judgment was denied on June 2, 1987. Plaintiff appeals.
 
 
 2
 Plaintiff received adequate notice and an opportunity to respond to the motion for summary judgment in accordance with Rule 56(c) of the Federal Rules of Civil Procedure and the local rules of the district court. Further, there is no evidence in the record to suggest that Wilson was terminated because of her sex. We therefore affirm the district court's grant of summary judgment for Security Federal. Because we find no abuse of discretion in the district court's denial of plaintiff's motion to vacate the judgment, we affirm that order as well.
 
 
 3
 Plaintiff has failed to present any evidence that her termination was motivated by sex discrimination. Wilson has established only that she is a woman whose employment was terminated. She has failed to establish any connection between her sex and her termination that would indicate that she was terminated because of her sex. See Autry v. North Carolina Dept. of Human Resources, 820 F.2d 1384, 1386 (4th Cir.1987).
 
 
 4
 Plaintiff has attempted to establish that she was treated differently than two similarly situated male colleagues. Wilson contends that the fact that the male employees were disciplined less harshly by being placed on probation while she was terminated establishes a prima facie case of sex discrimination. However, the conduct for which Wilson was terminated is simply not comparable to that for which the male employees were placed on probation. See Moore v. City of Charlotte, 754 F.2d 1100, 1105-06 (4th Cir.1985).
 
 
 5
 Wilson was terminated for instances of alleged misconduct amounting to dishonesty--conducting personal business during extended lunch hours, falsifying call reports, charging personal long distance calls to Security Federal, and misrepresenting a job offer from a competitor. This is vastly different from the performance deficiencies--lack of attention to detail and inadequate productivity--for which the male employees were placed on probation. Since the nature of Wilson's misconduct is different, the differences in punishment do not warrant an inference of sex discrimination. See Moore, supra.
 
 
 6
 Plaintiff argues that other employees, male and female, made personal phone calls, took extended lunch breaks, and included phone calls as well as personal contacts on their call reports, and were not terminated. However, there is no evidence that the employer was aware of the other violations. Plaintiff also contends that contrary to her supervisor, Hennett's, belief, she did not misrepresent the fact that she had been approached and offered a job by a competing financial institution. It is uncontested, however, that Hennett had been informed by an official at the other company that Wilson had not been offered a job with that institution. Regardless of which version is correct, the fact remains that Hennett believed Wilson had misrepresented the job offer. While he may have been mistaken, there is nothing here to suggest sex discrimination.
 
 
 7
 We find no merit to the plaintiff's claim that the court violated the requirements of Rule 56(c) of the Federal Rules of Civil Procedure by ruling on the summary judgment motion two and one-half months after it was filed without holding a hearing or notifying plaintiff of its intention to rule. Rule 56(c) does not mandate a hearing where, as here, the local rules make such a hearing discretionary. Atkinson v. Bass, 579 F.2d 865 (4th Cir.1978). By providing that if opposition to a motion is not submitted within fifteen days, the court will decide the motion on the record and such oral argument as is permitted, "if any," the local rules of the United States District Court for the District of South Carolina provide adequate notice that the motion will be decided if opposition is not timely received. Plaintiff is entitled to nothing more.
 
 
 8
 Finally, we find no abuse of discretion in the district court's refusal to grant plaintiff relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The district court ruled on defendant's motion for summary judgment two and one-half months after it was filed. The circumstances of this case do not indicate that plaintiff's failure to respond to the motion within that time constituted excusable neglect.
 
 The judgment of the district court is
 
 9
 AFFIRMED.