937 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cynthia Renee WRIGHT, Plaintiff-Appellant,
v.
Joseph VITALE, Colonel, Rose Smith, Licensed Practical
Nurse, Patricia Scutchings, Corporal, Ulyssis
Hollman, Lieutenant, Frank Drew,
Sheriff, Defendants-Appellees.
 No. 91-7539.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 21, 1991.
Decided July 16, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-90-1605-N)
 Cynthia Renee Wright, appellant pro se.
 Conrad Moss Shumadine, Samuel Bernard Goodwyn, Willcox & Savage, P.C., Norfolk, Va., Jeff Wayne Rosen, Adler & Rosen, P.C., Virginia Beach, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Cynthia Renee Wright appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Her complaint alleged that defendants were deliberately indifferent to her serious medical need and that they refused to allow her visitation in retaliation for her filing grievances. Our review of the record and the district court's opinion discloses that her appeal is without merit. With respect to the deliberate indifference claim, we affirm the reasoning of the district court. Wright v. Vitale, CA-90-1605-N (E.D.Va. Mar. 14, 1991).
 
 
 2
 With respect to the retaliation claim, we note that although visitation is a privilege and not a constitutional right, see White v. Keller, 438 F.Supp. 110 (D.Md.1977), aff'd, 588 F.2d 913 (4th Cir.1978), Wright's claim that she lost her visitation privileges in retaliation for filing grievances could state a constitutional claim. See McDonald v. Hall, 610 F.2d 16, 18 (1st Cir.1979) (although no constitutional right not to be transferred to different institution, may state a Sec. 1983 claim if decision to transfer was made as a result of exercise of first amendment right to file lawsuit); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir.1986) (claim of retaliation for filing prison grievances states a first amendment violation). Nevertheless, we find that Wright's mere conclusory statements of this allegation cannot withstand the defendants' summary judgment motion. Defendants' affidavits state that Wright was punished for breaching jail protocol, for her continual refusal to comply with jail rules and regulations, and for her harassment of staff. Wright has presented no evidence to establish that her filing of grievances was the causative factor resulting in her loss of visitation privileges. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (non-moving party must establish existence of genuine issue of material fact by presenting evidence on which jury could reasonably find in his favor); Atkinson v. Bass, 579 F.2d 865 (4th Cir.), cert. denied, 439 U.S. 1003 (1978).
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.