**Sherrie SHORTT**

v.

**RICHLANDS MALL ASSOCIATES
and Fletcher Bright Co.**

**Civ. A. No. 88–0191–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Oct. 21, 1991.

James B. Lees, Jr., Charleston, W.Va., Judy T. Gillespie, Cedar Bluff, Va., for plaintiff.

William A. Eskridge, Abingdon, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

Sherrie Shortt, plaintiff, brought this negligence cause of action against Richland Mall Associates, Inc. and Fletcher Bright Company, defendants, for injuries stemming from an accident occurring on July 12, 1986 in the parking lot of the Richlands Mall. The action is before the court on the defendant's motion for summary judgment. The court has jurisdiction via 28 U.S.C. § 1332.

## FINDINGS OF FACT

On July 12, 1986, Sherrie Shortt was talking with friends in the parking lot of the Richlands Mall. Shortt was standing next to a Jeep when Danny Dean Shortridge, who was parked in his car fifteen to twenty feet away, began to accelerate toward her. Shortridge lost control of his car and struck Shortt, injuring her leg. (Defendant's Exhibits A, B). On October 9, 1986, Shortridge was convicted of reckless driving under *Va. Code Ann.* § 46.1–190(k) (repealed 1989). (Defendant's Exhibit B).

On July 7, 1988, Shortt filed this negligence cause of action alleging that the defendants: 1) failed to use ordinary care to render the premises reasonably safe for plaintiff, a business invitee; 2) failed to take necessary steps to prohibit Shortridge's conduct when the defendant knew, or should have known, of prior similar acts of Shortridge or others; 3) failed to warn the plaintiff of the risk of injury; 4) failed to properly patrol the mall; and 5) failed to properly design the mall parking area. (Plaintiff's Complaint).

The affidavits filed in the case showed the following: Walter Pielocik, the mall manager, stated that the tenants of the mall are family oriented businesses and that the mall provides a safe and wholesome shopping environment for families. He stated that in July 1986, he was aware that the mall had a "cruising" problem. However, he considered the problem to be a nuisance rather than a safety problem. To his knowledge there had been a "handful" of accidents in the parking lot, however none of these accidents resulted in serious injury to any motorist or pedestrian. (Defendant's Exhibit D, Plaintiff's Exhibits D, G).

Fletcher Bright Company manages the Richlands Mall pursuant to a management contract with Richland Mall Associates, the owner of the mall. Fletcher Bright entered into this contract for its own purposes and did not intend to confer any direct benefit upon any third parties. Fletcher Bright has no ownership interest in the mall, nor was it involved in the design of the parking lot. (Defendant's Exhibit C).

Pat Kirby, a member of the Richlands Town Council, stated that in 1986 townspeople had complained about the traffic congestion and parking problems at the mall. (Plaintiff's Exhibit A). The mall area was known as the "Kroger 500" because of the cruising. (Plaintiff's Exhibit B). The plaintiff submitted an affidavit of William A. Puckett of the Richlands Police summarizing the traffic accidents around the mall area. However, the court notes that this record begins in 1987, after the accident. (Plaintiff's Exhibit C).

Prior to the July 12, 1986 accident, Shortridge had been cited once, on May 16, 1986, for reckless driving in the mall parking lot. (Plaintiff's Exhibit E).

A. Dale Wunderlich, a security consultant, stated that the accident could possibly have been avoided through the use of parking curbs, barriers or wheel stops. However, he could not render his opinion without appropriate discovery. (Plaintiff's Exhibit F).

On August 26, 1991, the defendant filed its motion for summary judgment in this action.

## CONCLUSIONS OF LAW

█ As a preliminary issue, the plaintiff asserts that this matter is not ripe for summary judgment because there has not been sufficient time for discovery. As a general rule, summary judgment is appropriate only after "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment must be refused "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Oksanen v. Page Memorial Hosp.*, 912 F.2d 73, 77–78 (4th Cir.1990) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986)).

█ Once the plaintiff received the motion for summary judgment, she had "the burden of responding by submitting counteraffidavits setting forth specific facts showing that a genuine issue of material fact remains or filing an affidavit explaining why she was unable to do so." *Bruce v. Smith*, 581 F.Supp. 902, 909 (W.D.Va. 1984). Under Fed.R.Civ.P. 56(f):

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Thus, under Rule 56(f), the court has discretionary authority to deny a motion for summary judgment in light of the nonmoving party's request for additional discovery.

In *Oksanen*, the court stated that a party need not invoke Rule 56(f) where discovery has been stayed and outstanding interrogatories remain unanswered. 912 F.2d at 78 n. 6. Here, the defendant answered the interrogatories. Also, the

plaintiff has not pointed to any outstanding discovery request. Therefore, if the plaintiff is to have additional discovery, she must resort to Rule 56(f).

The only affidavit which mentions the lack of discovery is that of A. Dale Wunderlich. (Plaintiff's Exhibit F). However, this affidavit does not state precisely what information is sought or what has prevented discovery. The plaintiff stated the following in her Brief in Opposition to Motion for Summary Judgment:

This case was filed on July 7, 1988. From that date through May 1, 1991, the plaintiff was prohibited from engaging in any discovery on the merits of this matter due to procedural challenges to jurisdiction filed by the defendants. On May 1, 1991, this Honorable Court issued an Order and Memorandum Opinion finding jurisdiction in the United States District Court.

On January 25, 1989, the plaintiff had served the defendant with Interrogatories which remained unanswered pending the jurisdictional dispute in this matter. On August 23, 1991, the defendants finally responded to said Interrogatories by placing answers in the United States Mail. Coincidentally, the defendants also filed a Motion for Summary Judgment on that date, knowing full-well that the plaintiff has not as yet had the opportunity to take one deposition as to the merits of this case.

The court has not issued any scheduling Order in this matter since its May 1st Order. The appropriate procedure would be the issuance of a scheduling Order setting forth the time limits for discovery, to be followed by appropriate motions.

■ Other jurisdictions have found that the request for discovery under Rule 56(f) need not be in the form of a sworn affidavit as long as the court is made aware, by outstanding discovery request or other filings with the court, of the need for more discovery. *Snook v. Trust Co. of Georgia Bank of Savannah*, 859 F.2d 865, 871 (11th Cir.1988); *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir.) (en banc), *cert. denied*, 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (1973). *Contra Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir.1987); *Radich v. Goode*, 886 F.2d 1391, 1394 (3d Cir.1989). Thus, the court will consider whether further discovery is proper under Rule 56(f).

■ "Under Rule 56(f), an opposing party must make clear what information is sought and how it would preclude summary judgment." *Garrett*, 818 F.2d at 1518; 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 2d § 2741 (1983) (the relevant question is whether the party has sufficiently identified: 1) the information sought by discovery; 2) the reason it has not yet been obtained; and 3) the materiality of the information). The party must satisfy the court that genuine issues may develop with further discovery. *See Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 251 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

■ As a general rule, this court will liberally grant a motion under Rule 56(f). However, in this case, the court cannot perceive of any information that could be obtained through further discovery that would create a duty on the part of the defendants.

In her memorandum, the plaintiff has not identified the people she would like to depose, the precise information sought, or how this would preclude summary judgment. Also, Wunderlich did not specify what discovery was needed. Thus, the matter is ripe for disposition because the plaintiff has not shown that further discovery would have created a genuine issue of fact. *See Temkin v. Frederick County Comm.*, 945 F.2d 716, 718 (4th Cir.1991); *Atkinson v. Bass*, 579 F.2d 865, 866 (4th Cir.), *cert. denied*, 439 U.S. 1003, 99 S.Ct. 615, 58 L.Ed.2d 679 (1978); *Atlantic States Constr. Co. v. Robert E. Lee & Co.*, 406 F.2d 827, 829 (4th Cir.1969); *Simmons v. Baltimore Orioles, Inc.*, 712 F.Supp. 79, 84 (W.D.Va.1989).

On the merits, summary judgment is proper if "there is no genuine issue as to

any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56.

■ The plaintiff asserts that she was a business invitee of the Richlands Mall. For the purpose of ruling on the motion for summary judgment, the court will assume, without deciding, that she held this status. Thus, the defendants owed her the "duty of ordinary care to maintain their parking lot in a reasonably safe condition." *Wright v. Webb,* 234 Va. 527, 530, 362 S.E.2d 919, 920 (1987).

■ As a general rule, the owner or possessor of land is under no duty to protect invitees from the criminal acts of third parties. *Id.* However, there is a limited exception. In *Wright,* the court stated:
[A] business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against criminal assault unless he knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee.

*Id.* at 533, 362 S.E.2d at 922.

In *Wright,* the plaintiff was criminally assaulted in the parking lot of a motel owned by the defendants. *Id.* at 529, 362 S.E.2d at 920. Here, the plaintiff asserts that *Wright* is not applicable because there is no allegation or proof of any intentional criminal act. Rather, there is only proof of reckless driving, which is a negligent act. Therefore, the plaintiff asserts that the defendants are liable if "the negligent acts of third-parties are known or should be known by the owners of the premises and they subsequently fail to adequately protect the invitees from such negligence." (Brief in Opposition to Motion for Summary Judgment at 5).

However, the present case can not be distinguished from *Wright* as argued by the plaintiff. In *Gulf Reston, Inc. v. Rogers,* 215 Va. 155, 158–59, 207 S.E.2d 841, 844–45 (1974), the Supreme Court of Virginia cited *Trice v. Chicago Housing Auth.,* 14 Ill.App.3d 97, 100, 302 N.E.2d 207, 209 (1973) in support of its finding that a landlord owed no duty to protect its tenant from an intentional criminal act. In *Trice,* a child was killed when struck by a television set thrown from a railing in the defendant's 15 story building, an act which the court characterized as "criminally reckless." *Id.* at 99, 302 N.E.2d at 209. The issue was whether "a landlord has a duty to protect tenants from intentional *or criminally reckless acts.*" *Id.* at 99, 302 N.E.2d at 208 (emphasis added). The court found that a landlord was under no duty to protect the plaintiff. *Id.* at 101, 302 N.E.2d at 210. Therefore, as a general rule, the defendant owes no duty to protect the invitee from a criminal act, regardless of whether the criminal act is intentional or reckless.

This rule applicable to landlords is likewise applicable here because "[a] business invitor owes the same duty of reasonable care to his invitee that a landlord owes to his tenant." *Wright,* 234 Va. at 530, 362 S.E.2d at 921.

■ Turning to the present case, the court finds that the defendant is a business invitor "whose method of business does not attract or provide a climate for assaultive crimes." *Id.* at 533, 362 S.E.2d at 922. Walter Pielocik stated, "The mall tenants are family oriented businesses. The mall provides a safe and wholesome shopping environment for families. There has never been a bar or restaurant serving alcoholic beverages in the Richlands Mall." (Defendant's Exhibit D).

Also, the defendant did not: 1) know "that criminal assaults against persons are occurring, or are about to occur, on the premises"; and 2) there was no "imminent probability of harm to an invitee." *Wright,* 234 Va. at 533, 362 S.E.2d at 922.

The defendants were aware that they had a "cruising" problem. (Plaintiff's Exhibit D). The defendants also had notice of approximately twelve traffic accidents occurring in the parking lot preceding this accident. (Plaintiff's Exhibit G). Shortridge had been previously cited for reckless driving. (Plaintiff's Exhibit E). How-

ever, the defendants had no knowledge of any criminal act in the mall parking lot that resulted in serious injury to a motorist or pedestrian. (Defendant's Exhibit D).

In *Wright,* the court distinguished crimes against individuals from those involving mere property damage. *Id.* at 531–32, 362 S.E.2d at 921. The property damage resulting from the "cruising" problem, *i.e.* fender benders, did not provide the defendants with knowledge that the personal injuries suffered by the plaintiff were occurring or were about to occur.

Also, there was not the element of an imminent probability of harm. In *Wright,* the plaintiff was injured in 1980. The defendants had knowledge of assaults occurring in 1979 and 1977. *Id.* at 529–30, 362 S.E.2d at 920. The court distinguished that situation from cases in which there was "the element of notice of a specific danger just prior to the assault." *Id.* at 533, 362 S.E.2d at 922; *see also Simmons,* 712 F.Supp. at 82 (relying on *Wright*). Here, like *Wright,* the court finds that there was not an imminent probability of harm. Accordingly, the court finds that the defendants did not have a duty to protect Shortt from Shortridge's criminally reckless act.

"[W]here there is no legal duty to exercise care, there can be no actionable negligence." *Deem v. Charles E. Smith Management, Inc.,* 799 F.2d 944, 945 (4th Cir.1986) (citing *Virginia Ry. & Power Co. v. Winstead's Adm'r,* 119 Va. 326, 328, 89 S.E. 83, 84 (1916)). Therefore, summary judgment is proper.

The plaintiff also cannot recover as a third party beneficiary of the contract between defendants. In order for plaintiff to recover, she must show that the contract was clearly and definitely intended to bestow direct benefit on her. *Cobert v. Home Owners Warranty Corp.,* 239 Va. 460, 466, 391 S.E.2d 263, 266 (1990). This she has not done.

### CONCLUSION

For the foregoing reasons, the court finds that the defendant did not owe a duty to plaintiff to protect her from the criminal act. Therefore, the court grants the defendant's motion for summary judgment. The court will enter an appropriate order.