**Patricia WILLIAMS, Plaintiff,**

v.

**Sharon M. McDONALD, Commissioner of the Revenue, and City of Norfolk, Defendants.**

**No. 2:99CV59.**

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 28, 1999.

---

Neil Curtis Bonney, Neil C. Bonney & Associates, P.C., Virginia Beach, VA, John Arthur Coggeshall, The Law Firm of John A. Coggeshall, Norfolk, VA, for Patricia Williams, plaintiff.

Denham Arthur Kelsey, Hunton & Williams, Norfolk VA, for Sharon M. McDonald, Commissioner of the Revenue, defendant.

John Morgan Ryan, Jr., Office of the City Attorney, Norfolk, VA, Harold Phillip Juren, Deputy, City Attorney, Office of the City Attorney, Norfolk, VA, Bernard A. Pishko, Office of the City Attorney, City of Norfolk, Norfolk, VA, for City of Norfolk, defendant.

Guy Winston Horsley, Jr., Office of the Attorney General, Richmond, VA, Mark Lawrence Earley, Office of the Attorney General, Richmond, VA, Judith W. Jagdmann, Office of the Attorney General, Richmond, VA, for Commonwealth of Virginia, defendant.

## OPINION & ORDER

MILLER, United States Magistrate Judge.

This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. PROCEDURAL BACKGROUND

On August 25, 1999, the Court heard argument on the motions of Sharon M. McDonald and the City of Norfolk for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). Patricia Williams ("Ms.Williams") was represented by John Arthur Coggeshall, Esq. and Neil Curtis Bonney, Esq. Denham Arthur Kelsey, Esq. represented Sharon M. McDonald ("Ms.McDonald") and Harold Phillip Juren, Esq. represented the City of Norfolk. The Official Court Reporter was Sharon Borden.

Ms. Williams filed a Motion for Judgment against Ms. McDonald, the City of Norfolk and the Commonwealth of Virginia in the Circuit Court for the City of Norfolk alleging that the defendants denied her due process rights to continued employment and to certain grievance procedures. The Motion for Judgment was removed to this Court on January 20, 1999 by the defendants. The Commonwealth of Virginia filed a Motion to Dismiss which was granted on March 23, 1999.

On July 29, 1999, Ms. McDonald filed a Motion for Summary Judgment with memorandum and supporting affidavit. Ms. Williams filed a response with two affidavits in support on August 9, 1999 and Ms. McDonald filed a reply with affidavit in support on August 12, 1999. On August 6, 1999, the City of Norfolk filed a Motion for Summary Judgment with a memorandum and supporting affidavit. Ms. Williams filed a response on August 17, 1999, and the City of Norfolk filed a reply with supporting affidavit on August 20, 1999. A hearing was held on August 25, 1999 before the Honorable Tommy E. Miller. The Court heard argument on both motions for summary judgment.

After a review of the memoranda submitted by the parties, and the applicable statutory and case law, the Court ORDERS that Sharon McDonald's Motion for Summary Judgment is GRANTED and that the City of Norfolk's Motion for Summary Judgment is GRANTED.

## II. FACTUAL BACKGROUND

During his term as Commissioner of the Revenue for the City of Norfolk, Sam T. Barfield appointed Ms. Williams as a deputy commissioner. The Commissioner of the Revenue is a constitutional officer. As such, the Commissioner is given the authority to appoint deputies to assist the Commissioner during his term of duty. Ms. Williams was appointed for a term commencing January 1, 1994 and ending December 31, 1997, and was promoted to the rank of Chief Deputy Commissioner of the Revenue in April of 1996.

In 1981, during his service as Commissioner of the Revenue, Sam T. Barfield also implemented a grievance procedure for employees in the Commissioner of the Revenue's office. This grievance procedure was approved by the Council of the City of Norfolk in Norfolk City Ordinance # 31,419.

In 1997, Ms. McDonald was elected to a four-year term as Commissioner of the Revenue for the City of Norfolk commencing January 1, 1998. In late December of 1997, Ms. McDonald advised Ms. Williams that Ms. Williams would not be reappointed to another term as a deputy commissioner. Subsequently, Ms. Williams requested a panel review under the grievance procedure contesting the decision not to reappoint her. The Human Resources Department responded that Ms. Williams had no recourse under any existing grievance procedure.

## III. MOTION FOR SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Facts are deemed material if they might affect the outcome of the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, the moving party's submission must foreclose the possibility of the existence of facts from which it would be open to a jury to make inferences favorable to the non-movant. *Id.*

In deciding a summary judgment motion, the court must view the record as a whole and in the light most favorable to the non-moving party. *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.*, 763 F.2d 604, 610 (4th Cir.1985). "If, however, 'the evidence is so one-sided that one party must prevail as a matter of law,' we must affirm the grant of summary judgment in that party's favor." *O'Connor v. Consolidated Coin Caterers Corp.*, 56 F.3d 542, 545 (4th Cir.1995) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Either party may submit as evidence "pleadings, depositions, answers to interrogatories, and admissions on file, together with ... affidavits" to support or rebut a summary judgment motion. Fed.R.Civ.P. 56(c). Supporting and opposing affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. *Id.* at 56(e). Furthermore, the party moving for summary judgment need not supply "affidavits or other similar materials negating the opponent's claim." *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

Rule 56 mandates a grant of summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The party who bears the burden of proving a particular element of a claim must "designate 'specific facts showing there is a genuine issue for trial'" with respect to that element. *Id.* at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(e)).

When a motion for summary judgment is made and supported by affidavits as provided for in Rule 56, an adverse party may not rest upon mere allegations or denials of the moving party's pleadings. Rather, the rule requires the nonmoving party's response, by affidavits or as otherwise provided for in Rule 56, to set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if appropriate, should be entered against the nonmoving party. Fed.R.Civ.P. 56(e); *Atkinson v. Bass*, 579 F.2d 865, 866 (4th Cir.), *cert. denied*, 439 U.S. 1003, 99 S.Ct. 615, 58 L.Ed.2d 679 (1978).

In addition, the opposing party is entitled under Rule 56(f) to set forth in affidavit reasons why he is presently unable to present by evidentiary affidavit facts essential to justify his opposition. Fed.R.Civ.P. 56(f); *Atkinson*, 579 F.2d at 866. If the reasons are adequate, the trial judge has broad discretion to determine whether to deny the motion for summary judgment, order a continuance, or make some other just disposition. *Id.; see also Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 961 (4th Cir.1996).

With these controlling principles in mind, the Court turns to the merits of the defendants' motions for summary judgment.

## IV. ANALYSIS

Ms. Williams claims that her due process rights under the United States Constitution as well as the Virginia Constitution were violated when Ms. McDonald and the City of Norfolk "terminated" her employment and did not allow her the benefit of the grievance procedure implemented by Sam T. Barfield. *See* Motion for Judgment ¶ 12. The Fourth Circuit has held that an employee's federal due process rights and state due process rights are "coterminous" in cases involving employment disputes. *Mandel v. Allen*, 81 F.3d 478, 479–80 fn. 2 (4th Cir.1996).

■ Both parties agree that in order to allege a due process violation, Ms. Williams must have a "cognizable property interest, rooted in state law." *Biser v. Town of Bel Air*, 991 F.2d 100, 103–04 (4th Cir.), *cert. denied*, 510 U.S. 864, 114 S.Ct. 182, 126 L.Ed.2d 141 (1993). Further, "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. [S]he must have more than a unilateral expectation of it. [S]he must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

## A. Ms. Williams Had No Property Interest in Continued Employment

Ms. Williams cannot claim an entitlement to employment as a deputy in the Commissioner of the Revenue's office because she was appointed to a term which ended on December 31, 1997. *See* Patricia Williams' Deputy Oath, Exhibit A to the Declaration of Sharon McDonald, Commissioner of the Revenue for the City of Norfolk, Virginia ("McDonald Declaration").

■ The Commissioner of the Revenue is a constitutional officer. *McGinnis v. Nelson County*, 146 Va. 170, 172, 135 S.E. 696, 697 (1926). In Virginia, certain constitutional officers are authorized to appoint deputies pursuant to Virginia Code § 15.2–1603.

> The treasurer, the sheriff, the commissioner of the revenue, and the clerk of any circuit court may at the time he qualifies as provided in § 15.2–1522 or thereafter appoint one or more deputies, who may discharge any of the official duties of their principal *during his continuance in office*, unless it is some duty the performance of which by a deputy is expressly prohibited by law.

(emphasis added). Under the provisions of this statute, "the terms of the deputies in Virginia end with the term of their principal." *Ramey v. Harber*, 589 F.2d 753, 756 (4th Cir.1978), *cert. denied*, 442

U.S. 910, 99 S.Ct. 2823, 61 L.Ed.2d 275 (1979) (citing *Farmers' Bank of Southwest Virginia v. McGavock*, 119 Va. 510, 89 S.E. 949 (1916)). Therefore, Ms. Williams' term as Chief Deputy Commissioner of the Revenue ended on December 31, 1997 with the term of Sam T. Barfield.

Further, the statute provides that, "[a]ny such deputy may be removed from office by his principal." Virginia Code § 15.2–1603. The Fourth Circuit has held that,

> [a] local government employee serving "at the will and pleasure" of the government employer has no legitimate expectancy of continued employment and thus has no protectable property interest.

*Jenkins v. Weatherholtz*, 909 F.2d 105, 107 (4th Cir.1990). "Because [deputies] in Virginia have no protectable property interests as a matter of state law, they are not entitled to any federal due process protection." *Id.* at 108. In *Jenkins v. Weatherholtz*, the deputy claiming a due process violation following his termination was a deputy sheriff. *Id.* Since deputies in the sheriff's department are appointed under the same statute as deputies in the Commissioner of the Revenue's office, the same constitutional protections apply to both.

■ Under *Jenkins v. Weatherholtz*, Ms. Williams did not have a legitimate claim of entitlement to employment in the Commissioner of the Revenue's office during her term as a deputy. Pursuant to Virginia Code § 15.2–1603 and the holding in *Jenkins v. Weatherholtz*, Ms. Williams clearly had no claim of entitlement to employment after her term ended on December 31, 1997. Therefore, she was not entitled to any due process protection of her employment following that date.

## B. Grievance Procedure Did Not Create Property Interest

■ Ms. Williams contends that the grievance procedure implemented by Sam T. Barfield and incorporated in Norfolk City Ordinance # 31,419 created a proper-

ty interest in her continued employment. *See* Motion for Judgment ¶ 7.

First, the Grievance Procedure does not apply to Ms. Williams because she was not terminated from her position with the Commissioner of the Revenue. Her term ended with that of Sam T. Barfield on December 31, 1997 pursuant to Virginia Code § 15.2–1603. *See Ramey v. County of Lee Virginia,* 589 F.2d 753, 756 (4th Cir. 1978) (citing *Farmers' Bank of Southwest Virginia v. McGavock,* 119 Va. 510, 89 S.E. 949 (1916)). Ms. Williams was simply not reappointed by Ms. McDonald for a new term.

The Grievance Procedure lists the following four grievable complaints: (a) working conditions and environment; (b) disciplinary actions, including reprimands, suspensions, demotions and terminations; (c) the violation or inconsistent application of any personnel practice, policy or procedure to a particular employee or group of employees; (d) discrimination based on an employee's race, sex, national religion, origin or age; and (e) acts of reprisals taken as a result of utilization of the grievance procedure. *See* McDonald Declaration Exhibit E. The Grievance Procedure offers no protection from a Commissioner's decision not to reappoint a deputy.

Similarly, in *Board of Regents of State Colleges v. Roth,* the rules of the university provided teachers who were dismissed before the end of the year an opportunity for review of the dismissal. *Board of Regents of State Colleges v. Roth,* 408 U.S. at 567. Where an assistant professor was not reappointed for a second year of teaching, the Supreme Court held, "he did not have a property interest sufficient to require the University authorities to give him a hearing when they declined to renew his contract of employment." *Id.* at 578, 92 S.Ct. 2701. Since the professor was not dismissed before the end of his term, and was simply not reappointed to another term, the opportunity for review was not afforded. *Id.* Like the plaintiff in *Roth,* Ms. Williams' property interest in employment with the Commissioner of the Reve-

nue "was created and defined by the terms of [her] appointment." *Id.* Any interest Ms. Williams had in employment with the Commissioner of the Revenue's office ended on December 31, 1997.

Secondly, Ms. McDonald did not implement the grievance procedure, nor did she agree to be bound by the procedure. *See* McDonald Declaration ¶ 6. Pursuant to Virginia Code § 2.1–116.012, certain employees of constitutional officers "may be accepted in a local governing body's grievance procedures or personnel system *if agreed to by the constitutional officer* and the local governing body." (emphasis added). Ms. McDonald did not agree to these terms, and advised all personnel in the office of her decision. *See* McDonald Declaration ¶ 6.

The Grievance Procedure did not provide Ms. Williams with a property interest in her employment as a deputy for the Commissioner of the Revenue after her term ended on December 31, 1997. Therefore, Sharon McDonald did not violate Ms. Williams' due process rights when she was not reappointed to another term as a deputy in the Commissioner of the Revenue's office.

## C. *City of Norfolk Did Not Violate Due Process Rights*

Deputies appointed by constitutional officers pursuant to Virginia Code § 15.2–1603 are not employees of the local governing body. *Jenkins v. Weatherholtz,* 909 F.2d at 107; *Witt v. Harbour,* 508 F.Supp. 378 (W.D.Va.1980), *aff'd* 644 F.2d 883 (4th Cir.1981), *cert. denied,* 454 U.S. 879, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981). Ms. Williams was not employed by the City of Norfolk. Therefore, the City of Norfolk had no control over the Commissioner's decision not to reappoint her and did not violate her due process rights.

## V. *ORDER*

For the foregoing reasons, the Court orders that Sharon McDonald's Motion for Summary Judgment is hereby GRANTED

and the City of Norfolk's Motion for Summary Judgment is hereby GRANTED.